## JOHNSON *vs.* RICHARDS.

In an action of replevin brought into this Court by appeal from a judgment rendered on a plea to the merits in the Court below, a motion to quash the process on the ground of the insufficiency of the replevin bond was not sustained· If the defendant would avail himself of such defect of service, he should do it by plea in abatement or on motion at the return Term ; — by pleading in chief, he may be considered as waiving all exceptions to the irregularity of the process and service.

In this action, which was replevin, the defendant pleaded to the merits in the Court below, and from the judgment thereon rendered, an appeal was taken to this Court. The only question in the case was, whether a motion to quash the process because of the insufficiency of the replevin bond, would now be sustained, which was submitted on the statement of the parties, by

*G. M. Chase,* for the plaintiff, and

*Downes* and *Cooper,* for the defendant.

PARRIS J. — An officer cannot lawfully execute a writ of replevin without taking a bond according to the statute, and the Court do say in *Cady* v. *Eggleston,* 11 *Mass.* 285, that the " defendant may by plea in abatement or motion avoid the process." But pleas in abatement, unless for matter arising since the last continuance, are generally to be pleaded at the return term of the process, and uniformly so when the matter alleged is irregularity of service. By pleading in chief the defendant waives all objections to the irregularity of the process and service, and so the court decided in *Chandler* v. *Smith,* 14 *Mass.* 315, which was an action of replevin carried up by appeal. — In the appellate court, a motion was made, by the defendant, to dismiss the suit, on the ground that the bond given by the plaintiff was not sufficient, within the provisions of the statute. The Court say, " the defendant, having answered fully to the suit, thereby admitting a proper service of the writ, which comprises the taking a legal and valid bond with sufficient sureties, cannot now avail himself of his objection, but must be considered as having waived his exception."

The officer is required to return the bond with the writ. It becomes a part of the record, and the defendant has the opportunity of inspecting it at the return term, and if it be defective there has been no sufficient service of which the defendant may take advantage by plea in abatement or motion.

But if he answer in chief he thereby waives all defects to writ and service, which includes the bond.

According to the agreement of the parties a default must be entered.