JAMES D. WILSON *versus* NICHOLAS NICHOLS.

It *seems*, that in replevin, after issue joined upon the merits, it is too late to move that the action be dismissed, because no replevin bond was returned.

TENNEY, J. orally. — The defendant had attached certain goods, as the property of one Elbridge G. Wilson. The plaintiff then brought this action of replevin, for them. At the last term of this Court, the defendant moved to dismiss the action because the replevying officer returned no replevin bond. The motion was overruled, the suit having been commenced in 1847.

The goods had been shipped from Boston to Bath. Before the freight was paid, the goods were taken from the defendant on the replevin writ. The defendant's counsel requested instruction to the jury that, because the ship's lien for the freight was not discharged, the plaintiff could have no right of possession, and therefore could not maintain replevin. That instruction was not given. The verdict was for the plaintiff and the defendant excepted.

It is the opinion of the Court that the motion to dismiss came too late. Though in the nature of a plea in abatement, it was not made till after issue joined. Pleading to the merits admits the service to be regular. The bond is required only for security of defendant, and he may waive it. But a further examination of the papers has shown that the objection is not well founded in fact, and that a bond was duly taken.

By the *attachment*, the possession of the goods had already been taken from the master of the ship. As between these parties, the right of possession was in the plaintiff, the jury having found him to be the owner. *Exceptions overruled.*