WILLIAM ROGGENCAMP, PLAINTIFF IN ERROR, V. ROBERT
E. MOORE, DEFENDANT IN ERROR.

1. **Summons:** INDORSEMENT OF THE AMOUNT CLAIMED. It is
only in actions for the recovery of money only that the amount
for which judgment will be taken, if the defendant fail to appear,
need be indorsed on the summons.

2. ———: REPLEVIN IN COUNTY COURT: RETURN OF SUMMONS.
In all cases of replevin in county courts, whether the value of
the property or the damages claimed be within or beyond the
jurisdiction of a justice of the peace, the summons should be
made returnable, as in justice courts, not more than twelve
days from its date.

3. ———: MERE IRREGULARITIES, WITHOUT PREJUDICE, NOT
GROUNDS FOR REVERSING A JUDGMENT. Mere irregularities
in a summons, not at all prejudicial to the party, and of which
no advantage was sought to be taken in the court issuing it,
furnish no sufficient grounds for reversing a judgment.

ERROR to the district court for Lancaster county.

On the 10th day of January, 1878, Moore filed in
the county court of Lancaster county, Nebraska, his
affidavit and bill of particulars in replevin. The
property, the possession of which he sought to recover,
was described as two horses, and in the bill of partic-
ulars their value was alleged to be one hundred and
fifty dollars. He prayed for a return of the property,
and also a judgment for two hundred dollars, his dam-
ages.

On the same day, January 10th, the county judge
issued a summons, which was in the following words:

" THE STATE OF NEBRASKA, ⎰ *The State of Nebraska to the*
Lancaster County. ⎱ *sheriff or any constable of said.*
*county, greeting:*

" You are hereby commanded to summon Wm.
Roggencamp to appear before me, at my office in Lin-

coln, on the 14th day of January, A.D. 1878, at one
o'clock P.M., to answer the complaint of Robert E.
Moore for wrongfully detaining the following described
personal property of the plaintiff: One bay gelding
horse, eight years old, large size, called Frank; and
one black or dark brown four-year-old horse of small
size, called Charley, not gelded. And you are further
commanded immediately to seize and take into your
custody, wherever they may be found in said county,
the said goods and chattels above mentioned, and de-
liver the same to the said Robert E. Moore. You will
make due return of this writ on the 14th day of Jan-
uary, A.D. 1878. Given under my hand this 10th day
of January, A.D. 1878.

" A. G. SCOTT,

[SEAL]                        " County Judge.

Upon this writ the officer made the following re-
turn:

" STATE OF NEBRASKA,  ⎫
  Lancaster County.   ⎬ ss.
                ⎭

"Rec'd this writ the 10th day of Jan'y, 1878, at 12
o'clock noon. I hereby certify that, after having made
diligent search, I cannot find the within described
property in my county. On the 10th day of January,
1878, I served the within writ of summons on the
within named Wm. Roggencamp, by delivering to
him a true and certified copy of the same, with all the
endorsements thereon.

" O. S. BRIDGES,

" Const."

On January 11, 1878, the county judge made the
following order:

" The value of the property being alleged at more
than $100, this cause is, under the statute in such case
made and provided, continued to the February term,

A.D. 1878, for inquiry of damages, and transferred to the docket of term cases, book 5, page 242, this 11th day of January, A.D. 1878.

"A. G. SCOTT,<br>" <em>County Judge, ad interim.</em>"

February 4th a default was entered against Roggencamp, and on February 8th a judgment was entered in favor of Moore for $150, and costs taxed at eight dollars and eighty cents.

There was no appearance on the part of Roggencamp until the case was brought to the district court by petition in error, where, upon trial before POUND, J., the judgment of the county court was affirmed. To reverse this judgment of the district court the case is brought here by petition in error.

*Mason & Whedon*, for plaintiff in error.

*D. G. Hull*, for defendant in error.

LAKE, J.

Did the district court err in affirming the judgment of the county court? The only alleged errors in the record from the county court were, in substance—*First*, That the defendant in the action was not legally summoned. *Second*, That the amount for which judgment would be taken, if the defendant failed to appear, was not indorsed on the summons. *Third*, That the judgment was not sustained by the evidence, and was contrary to law. Nothing, however, has been claimed here upon the last named point. Inasmuch as the evidence is not before us, it must be presumed to have been ample; and as to the legality of the judgment, that, we suppose, depends upon the strength of the first two objections.

It appears from the bill of particulars, and the affi-

davit for the order of replevin, that the value of the property sought, and also the damages claimed, exceeded the jurisdiction of a justice of the peace; and it is contended that, for this reason, the summons should have been made returnable according to section 8, chapter 14, Gen. Stat. 265, instead of section 9, as was done.    There is some plausibility in this assumption, for there really does not seem to be any good reason for making a distinction in the return day of the summons between actions in replevin and those for the recovery of a money judgment only.    But the legislature have seen fit to make such distinction, and, accordingly, after enacting in section 8 that, in "*all* civil cases commenced in the county court, wherein the sum claimed exceeds one hundred dollars, the summons shall be 'returnable on the first day of the next term of said court,'" etc., by the very next section declare that, "in *all actions of replevin* the summons shall be in like form, *and be returnable within the like time*, as in similar actions before justices of the peace," etc. Now, in actions of replevin before justices of the peace the summons is returnable, as in other civil actions brought before them, "not more than twelve days from its date."    Gen. Stat., 667, Sec. 911.    The summons in question conformed to this requirement, being made returnable on the fourth day after it was issued, so that there was no irregularity even in the matter complained of.

The second of the objections is entirely groundless. It is only in actions for the recovery of money only that the amount for which judgment is claimed must be indorsed on the summons.

But even if the law required for the summons just what is contended for by the plaintiff in error, still there would be no sufficient ground for reversing the judgment.    At most, the supposed defects would be

only mere irregularities not at all prejudicial to him, nor in any manner impairing the subsequent proceedings, for which a judgment will not be reversed. So long as he elected to disregard the notice to appear and make his defense, if he had any, at the designated time, he is not in an attitude now to complain of what was subsequently regularly done in the case. If he supposed the summons to be defective in these particulars, and desired to test its sufficiency, he should have appeared in that court, and at the very earliest opportunity made his complaint known.

There is no error in this record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

·COBB, J., having been of counsel, did not sit.