WELLINGTON CLARK v. JOSIAH DUNLAP.

*Replevin—Personal service without levy.*

Where defendant in replevin is personally served but nothing is taken on the writ, the action becomes merely personal; and by appearing and joining issue and allowing the case to be adjourned from time to time without objection, he waives the right to have the writ set aside for defects in the affidavit and bond.

Error to Shiawassee.   (Newton, J.)   Apr. 27.—Apr. 27.

REPLEVIN.   Plaintiff brings error.   Reversed.

*McBride & Miner* for appellant.   One who has pleaded the general issue, had three adjournments, gone to trial on the merits, been beaten, appealed the cause to the circuit court, and entered his appearance generally there, will not thereafter be allowed to make any objection to the manner in which he was brought into court: *Maxwell v. Deens* 46 Mich. 35; *Hart v. Blake* 31 Mich. 278; *Manhard v. Schott* 37 Mich. 234; *Gott v. Brigham* 41 Mich. 227.

*Albert Chandler* for appellee.

PER CURIAM.   Clark sued Dunlap in replevin before the recorder of Corunna, the latter acting as a justice of the peace.   The recorder neglected to attach his signature to the jurat on the affidavit, and neglected also to require the surety to the bond to justify in writing as provided by the statute.   Act No. 188 of the Laws of 1879.   The writ was made returnable on the 8th of June and was returned personally served.   The property was, however, not taken on the writ.

The parties appeared on the return-day and joined issue, and the cause was then continued from time to time until the 17th of August, the last continuance being on stipulation.   No objections had been taken to the proceedings. But on that day, and when the case was ready for trial before a jury, the defendant moved to quash the writ on the ground that the bond was not approved as provided by statute.   The motion was denied and the parties thereupon tried the cause on the merits, and the jury found a verdict in favor of the plaintiff for $20, and the recorder entered judgment on it.

The defendant took a special appeal and the circuit court quashed the writ, with costs against the plaintiff, on the ground that the affidavit and bond were void.   We are not able to concur in this view.   As no property was taken on the writ the action was merely personal and was substan-

tially a case of trover. By appearing and joining issue and adjourning the cause from time to time without any objection whatever, the defendant submitted to the jurisdiction and waived all right to set aside the writ.

The judgment quashing the writ must be reversed with costs, and the case will stand for trial in the circuit court on the merits.