## FREDERICK McKEE *vs.* EDWARD METRAW.

### January 24, 1884.

Justice of Peace—Replevin—Waiver of Defects in Writ.—In an action in replevin before a justice, the defendant, by answering without objecting to defects in the writ, or in the papers on which it issued, waives such objections, and gives the justice jurisdiction to try the action.

Appeal by plaintiff from a judgment of the district court for Freeborn county, *Farmer*, J., presiding, reversing a judgment of a justice of the peace.

*Palmer & McAdam*, for appellant.

*A. G. Wedge*, for respondent.

GILFILLAN, C. J. Action in replevin, commenced before a justice of the peace. The writ, and the affidavit and bond on which it issued, were so irregular and defective that we may assume, had timely objection been made before the justice, he would have been required to dismiss the action. But the defendant made no objection and put in his answer, the parties proceeded to trial, and the justice rendered judgment for the plaintiff. Defendant appealed, on questions of law alone, to the district court, and that court reversed the judgment. The evidence justified the judgment of the justice, and we see no error on the trial before him. The district court must have rendered its judgment on the authority of *St. Martin* v. *Desnoyer*, 1 Minn. 25, (41,) where it was held that, unless the property is actually taken on the writ, the justice has no jurisdiction, even by consent of parties, to try the action; and that, under the statute then in force, the action was one *in rem*. That statute (Laws 1849, *c.* 6, art. 10) seems to treat the section as one *in rem*, and to contemplate a trial by the justice only in case of an actual caption of the goods. The court, in the case referred to, lays particular stress on the fact that the statute contains no provision for a trial unless the property is found and replevied. In the Revision of 1851 a provision was inserted, which has continued to this time, (Gen. St. 1878, *c.* 65, § 94,) to the effect that "if the property sought is not obtained, the plaintiff, if he establishes his

right thereto, shall recover the value of that right. Whether obtained or not, he shall recover the damages he has sustained in consequence of the illegal detention, or taking and withholding thereof." The actual taking of the property is no longer necessary to the jurisdiction to try and determine the rights of the parties thereto. The failure to take it can affect only the kind of judgment to be rendered. The analogy which existed under the statute of 1849 between the action and an action *in rem* does not now exist, and the decision referred to is inapplicable. The jurisdiction now depends, not on caption of the goods, but on service of process upon the defendant, and the action comes under the general rule that a defendant, by failure to object in time, waives all objections to the process, or the papers on which it issued, and submits to the jurisdiction.

Judgment reversed.