CITIZENS' NATIONAL BANK OF SEDALIA, MISSOURI, Appellant, v. J. M. DURRILL *et al.*, Respondents.

Kansas City Court of Appeals, April 1, 1895.

1. **Trial Practice**: JURY: REGULAR PANEL: COURT'S DISCRETION: STATUTE. The statute providing, if the panel is exhausted, the court shall order the summoning of talesmen, is merely directory, and the procedure under it is within the wise discretion of the court, and not subject to review, except for manifest abuse, of which there is no ground for complaint in this case.

2. **Evidence**: CHECK: RES GESTÆ. Where the evidence concerning the date of the delivery of a note is conflicting, but the testimony is concurrent that on the day of the delivery a certain check for interest was also given, such check is admissible as *res gestæ*, but a check growing out of another matter is not admissible.

3. ———: INTER ALIOS ACTA: NOTICE. Letters and conversations between defendants where plaintiff was not present are inadmissible in evidence, unless plaintiff had notice thereof, and there seems to be in this case some evidence of such notice.

4. **Appellate Practice**: EVIDENCE. Where a conversation, which the lower court has refused to admit in evidence, is not set out, the appellate court is unable to pass upon its materiality.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*C. E. Yeater* and *Jackson & Montgomery* for appellant.

(1) The court erred in compelling the plaintiff to submit to a trial by a jury composed of special jurors, when all the members of the regular panel were present and not engaged in the consideration of any cause, the plaintiff having duly objected before the special panel was sworn in and before the challenges were made.

*State v. Holme*, 54 Mo. 153; *State v. Waters*, —— Mo. 198.   (2) The court erred in permitting defendants, Dump and Durrill, to detail from the witness stand the conversations between them about the understanding on which the former signed the latter's note, which no officer of the plaintiff bank heard; and, also, erred in admitting the contents of letters between them.   (3) The court erred in refusing to permit plaintiff to introduce the check for $240, dated July 15, 1889, which was drawn by defendant, Durrill, for the payment of interest on his note in controversy.   (4) The court erred in instructing the jury.

*Sangree & Lamm* for respondent.

(1) The statutes regulating talesmen are merely directory, and the procedure was within the wise discretion of the court.   There can be no pretense that appellant suffered prejudice, or that any improper jurymen were put on the panel. *Evans v. Voght*, 8 Mo. App. 575; *O'Brien v. Iron Works*, 7 Mo. App. 257; *Territory v. Doty*, 1 Phinney (Wis.) 396; see page 402; *Suttle v. Batie*, 1 Iowa, 141; *Hunt v. Scobie*, 6 B. Mon. (Ky.) 469; *Bradley v. Bradly*, 45 Ind. 67; *Fuller v. State*, 1 Blackf. (Ind.), 63; *Emerich v. Sloan*, 18 Iowa, 139; *Evarts v. State*, 48 Ind. 422, followed in the 57 Ind. 26, and 63 Ind. 327; 1 Thompson on Trials, sections 20 and 89; *State v. Pitts*, 58 Mo. 556, followed in long and uniform list of cases directly in point, to wit: *State v. Hart*, 66 Mo. 208, see page 213; *State v. Knight*, 61 Mo. 373; *State v. Bream*, 59 Mo. 413, see pages 416 and 417; *State v. Ward*, 74 Mo. 256; *State v. Gleason*, 88 Mo. 582; *Kirkwood v. Autenreith*, 11 Mo. App. 515; *Vierling v. Brewing Co.*, 15 Mo. App. 125, at page 140.   (2) It was proper enough to introduce testimony tending to show the understanding between

Dump and Durrill, upon which, and when, the former signed the blank note, when such evidence is coupled, as it is, with other testimony tending to show notice to the bank, and when it was considered by the jury, under the limitations imposed by the court, as shown by the instructions, to the effect that no such understanding bound the bank, unless it had notice of the same. (3) Appellant's third point assigns error in the introduction of testimony relating to conversations between Dump and Durrill after the negotiation of the note. This point is not well taken. (4) Error is contended for by appellant because a certain check for $240, dated July 15, 1889, was excluded by the court on respondent's objection. There was no error in this. On appellant's objection the court had ruled out a check given by Dump to one Doyle on the sixteenth of July, at the same time he signed the blank note, which was offered to locate the date, as this was. (5) The instructions given for the respondent Dump were entirely consistent with those given for the appellant. They were based on the evidence. They properly declare the law. If a blank note is diverted from its known function by the holder and payee, or if the payee have notice of an understanding between the principal and surety that a blank note is to be used in a certain way, as, for example, to renew a note the surety is already bound on, such understanding binds the payee and holder, and a diversion of the note defeats recovery against the surety. *Wagner et al. v. Dietrich et al.*, 50 Mo. 484; *Bank v. Noxon et al.*, 45 N. Y. 762; *Wardell et al. v. Howell*, 9 Wend. 170; *Karson v. Smith*, 8 Wend. 437; *Davidson v. Lanier*, 4 Wallace, 447, 458. (Book 18, Lawyers' Edition, 377–71; 1 Daniel on Negotiable Instruments [1 Ed.], secs. 146, 147, 795, 801.

SMITH, P. J.—This is an action that was brought on a promissory note. The answer contained the plea of *non est factum*. There was a trial in the court below, resulting in judgment or defendants, from which plaintiff has appealed.

The first question presented by the appeal arises out of the action of the court in selecting the jury. It appears from the record that, when the case was called for trial, a part of the regular panel were absent, serving on a jury in another case, and so the sheriff under the order of the court, proceeded to summon a sufficient number of the bystanders to fill up the panel. After all the persons called had been examined on their *voir dire*, and the panel completed and a list furnished counsel, but before the peremptory challenges, though made, had been announced, the jury that had been out in the other case returned into the court with their verdict and were discharged. The plaintiff thereupon objected to making the announcement of its challenges, claiming that it was, as a matter of right, entitled to a jury from the regular panel selected by the county court. This objection was, by the court, overruled, and the plaintiff was required to make its challenges from the special panel. The plaintiff then objected to the swearing of the jury so selected, which objection was likewise overruled.

Our statute provides that, in all cases, if a panel be exhausted by challenge or otherwise, before the jury is sworn, the court shall order the sheriff to summon a sufficient number of persons to complete the jury. R. S., sec. 6087.

This statute is merely directory and any procedure under it is within the wise discretion of the court, with which no revisory court is authorized to interfere, unless it be in a case where there has been a manifest abuse of

it. *Evans v. Voght*, 8 Mo. App. 575; *State v. Pitts*, 58 Mo. 556; *State v. Gleason*, 88 Mo. 582. It is not perceived that the plaintiff suffered any prejudice by the action of the court in respect of this. No fact is shown which would justify the inference that the talesmen were not as fair and impartial as the jurors on the regular panel. When the case was called for trial and there was not a sufficient number of jurors on the regular panel available for the trial of that case, the court was, by the very terms of the statute, authorized to order the sheriff to summon a sufficient number of persons from the by-standers to complete the jury. It would be strange indeed if, after the selection of the jury had so far progressed that it only remained to swear them to try the issues joined, the procedure should come to naught, simply because the other members of the regular panel had, at that time, been discharged from further service in the case in which they had just been engaged. No doubt it was within the discretionary power of the court to have discharged the jury, of which complaint is made, and to have selected another in its place from the regular panel; but because it declined to take the latter course, affords in our opinion, no ground for serious complaint.

The plaintiff further complains of the action of the court in rejecting its offer in evidence of a certain check for $240, dated July 15, 1889, drawn on plaintiff in favor of J. M. Durrill by Burrill & West. The evidence of the defendants tends to show that the note sued on was not signed by defendant Dump until July 16, and that, after this, it was sent through the mail to Durrill, who could not have received it for two or three days thereafter; that, shortly after Durrill received the note of Dump, he delivered it to the plaintiff's cashier; that this was several days after the fifteenth of July; that the note, when delivered to the plaintiff, was

signed, but was blank as to date and amount, and was so delivered to plaintiff to be filled up in renewal of one for $2,000, made to plaintiff by Durrill, West, Winder and defendant Dump, and due July 23; that this blank note was not delivered to plaintiff in renewal of the $6,000 note falling due July 15, and that the filling it up for that amount and using it in renewal of that note was without authority.

On the other hand, the parol evidence adduced by the plaintiff tended to show that the defendant Burrill, about the seventh of July, came into plaintiff's bank to request a renewal of the $6,000 note to fall due July 15, and was informed that his request would be granted, but that he must get another name on the new note, and that thereupon he proposed that of defendant Dump, which, being satisfactory, plaintiff's cashier filled up a blank note for $6,000 and handed it to him to be signed, that on July 15, Burrill came into the bank and delivered to plaintiff's cashier the note duly signed, and then made out the check for the $240 interest for the next six months.

The evidence is palpably conflicting; that of the defendants tending to prove that the note, when signed by defendant Dump, was blank as to date and amount, and that it was not signed by him until July 16, and not delivered to plaintiff until several days later; while that of the plaintiff tended to prove that the note was filled up before it was either signed or delivered to plaintiff and that it was delivered on the fifteenth day of July. The concurrent testimony was that on the day of the delivery of the note by Durrill, he also gave the check for $240 already referred to. The check was a part of the transaction in respect to the renewal of the note. Its production in evidence before the jury would tend to establish the precise date of the transac-

tion. It was original and corroborating evidence which should have been admitted.

The error is not the less the reversible because the court rejected the defendant's offer to prove the giving of a check to Doyle for a spring wagon on the day he signed the note. This check was not part of the *res gestæ*, as is the other check offered by plaintiff; but, however this may be, the admissibility of the check offered by plaintiff did not depend upon the previous action of the court in admitting or rejecting the defendants' offer to prove the Doyle check. The check is sufficiently described in plaintiff's rejected offer to enable us to determine upon its admissibility.

The defendant, as the trial progressed, interposed numerous objections to the action of the court in the admission of evidence in behalf of the defendant, but to these we can only make a brief reference. The letters and conversations between Durrill and Dump in respect to the note, whether before or after its negotiation, were improperly admitted. The plaintiff was not present by any officer or agent, and could in no way be affected or bound thereby. In this connection it is proper to remark that any conversation between Durrill and Dump, prior to the negotiation of the note, in which Dump undertook to restrict the authority of Durrill to the use of the blank note to the renewal of the $2,000 note due the plaintiff, was admissible, provided it was shown that the plaintiff had notice of the restriction when it received the note. We can not say that there is absolutely no evidence of such notice. While very slight, we are inclined to think it was sufficient to carry the case to the jury.

As to the action of the court in refusing to permit the witness Yeater to relate the conversation between defendant Durrill and himself, it may be observed that, as the substance of this conversation is not stated, we

are unable to determine whether it was material or not.

The instructions, it seems to us, are unexceptionable in their enunciation of the rules of law applicable under the pleadings and evidence. It is not contended that there is any vice in the defendant's series. It is, however, insisted that the first is a mere abstraction, there being no evidence on which to base it; but, as already intimated, we think that in this the plaintiff is in error.

It results that the judgment, on account of the errors hereinbefore referred to, will be reversed and the cause remanded.

All concur.