CHARLES J. WATKINS, Appellant, v. S. C. EDGAR, Respondent.

St. Louis Court of Appeals, November 29, 1898.

1. **Agent**: AUTHORITY OF AGENT, HOW SHOWN. The authority of an agent need not be shown by express authority, but it may be proven by the habit and course of business of the principal.

2. Evidence: BILL OF EXCEPTIONS: PRACTICE, TRIAL: PRACTICE, APPELLATE: EXCLUDED TESTIMONY.  Where evidence is excluded by the trial court, unless the same is preserved in the bill of exceptions, an appellate court can not determine whether the excluded testimony is material or not, and will not pass upon the ruling of the trial court in excluding it.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

REVERSED AND REMANDED.

C. L. MOTT for appellant.

A principal is liable to third persons for the fraud and deceit of his agents, when committed within the real or apparent scope of his employment. Johnson v. Hurley, 115 Mo. 513; Hoppe v. Saylor, 53 Mo. App. 4; Carroll v. Railway, 14 Mo. App. 490; Ingalls v. Averitt, 34 Mo. App. 371, loc. cit. 377; Noble v. Steamboat, 23 Iowa, 109; Titus v. Turnpike Co., 61 N. Y. 237; Keedy vs. Howe, 72 Ill. 133. For, since somebody must be the loser by the deceit, it is the more reasonable that he who employs and puts confidence in the deceiver, should be the loser than a stranger. Rice v. Groffman, 56 Mo. 434, loc. cit. 437; Johnson v. Hurley, 115 Mo. 513, loc. cit. 520; Sharp v. Knox, 48 Mo. App. 169, loc. cit. 176; Carroll v. Railway, 14 Mo. App. 490. Where the principal places the agent in a position where others are justified in the belief that his powers are general, the private restrictions that may be imposed upon him are immaterial, except between him and the principal. Hoppe v. Saylor, 53 Mo. App. 4; Baker v. Railroad, 91 Mo. 152, loc. cit. 159; Woolen Mills v. Mayer et al., 43 Mo. App. 124, loc. cit. 130; Edwards v. Thomas, 66 Mo. 468, loc. cit. 486; Sharp v. Knox, 115 Mo. 513; Porter v. Woods, 138 Mo. 539,

loc. cit. 551; Ingalls v. Averitt, 34 Mo. App. 371; Carroll v. Railway, 14 Mo. App. 490. In such cases, the question is not what authority was intended to be given to the agent, but what authority was the third person dealing with him justified in believing was given him. Webster v. Wray, 17 Neb. 79, cited with approval in Porter v. Woods, 138 Mo. 539, loc. cit. 551; Nicholson v. Golden, 27 Mo. App. 132, loc. cit. 155; Cross v. Railroad, 71 Mo. App. 585, loc. cit. 590; Hoppe v. Saylor, 53 Mo. App. 4; McLachlin v. Barker, 64 Mo. App. 511; Ingalls v. Averitt, 34 Mo. App. 371. It is immaterial whether Keller be termed a general or a special agent. In either case, plaintiff was entitled to rely in good faith upon the apparent authority bestowed upon him by defendant. McNichols v. Nelson, 45 Mo. App. 446, loc. cit. 452; Cross v. Railroad, 71 Mo. App. 585, loc. cit. 590; Rice v. Groffman, 56 Mo. 434. Where the agency is shown to exist, the presumption is that the agent's authority is general and not special. Sharp v. Knox, 48 Mo. App. 169, loc. cit. 177; Methuen v. Hayes, 33 Me. 169; Trainer v. Morrisson, 78 Me. 160; Mechem on Agency, sec. 9. If the facts relied on to establish agency have any evidentiary force, their effect must be determined by the jury. Hopper v. Bradbury, 69 Mo. App. 632, loc. cit. 635; Lumber Co. v. Warner, 93 Mo. 374, loc. cit. 385; Nicholson v. Golden, 27 Mo. App. 132, loc. cit. 155; Barrett v. Railroad, 9 Mo. App. 226. So the nature and extent of the agent's authority are questions for the jury. Hayner v. Churchill, 29 Mo. App. 676. Nicholson v. Golden, *supra;* Ingalls v. Averitt, 34 Mo. App. 371. An agency, like any other fact, may be proved by circumstances and the conduct of the parties, and the relation that previously existed between them. Werth v. Ollis, 61 Mo. App. 401, loc. cit. 406. So the agent, and the extent of the authority

conferred, may be inferred from circumstance, such as the habit and course of business of the principal. Sharp v. Knox, 48 Mo. App. 169; Johnson v. Hurley, 115 Mo. 513. The scope of an agent's employment is to be determined not only from what the principal may have told the agent to do, but from what he knows, or in the exercise of ordinary care and prudence, ought to know, the agent is doing in the transaction. Kingsley v. Fitt, 51 Ner. 414, cited with approval in Mechem on Agency, sec. 282, and note; Bank v. Railroad, 20 Kan. 519; McLachlin v. Railroad, 64 Mo. App. 511; Wharton on Agency, sec. 123. The declarations and admissions of an agent, whether true or false, made during the course of a transaction, within the real or apparent scope of his authority are a part of the *res gestae* and binding upon the principal. Edwards v. Thomas, 66 Mo. 468; Nichols v. Nelson, 45 Mo. App. 446. The testimony of witness Mueller of the purchase by him from Keller of certificates similar to those sued on, and their payment by defendant in his ordinary course of business, is of itself sufficient to take the case to the jury. Gibson v. Ziebig, 24 Mo. App. 65.

No brief filed for respondent.

BLAND, P. J.—The first count of plaintiff's petition is as follows: "That defendant on or about October 1, 1895, duly executed and delivered his certain certificate number 140, in writing, herewith filed, in which he recited that one Mike Jososki had due him from defendant the sum of $14.30 for work done and performed by said Jososki during the month of September, 1895, and that said sum of $14.30 was payable October 16, 1895. Plaintiff states that on or about October 1, he became and still is, the owner of said certificate by law-

STATEMENT.     ful purchase.   That on said sixteenth day of October, 1895, he demanded of said defendant, said sum of $14.30, the payment of which, or any part thereof, defendant refused." Then follows twelve other like counts, except as to date, number and name of payee, in certificates sued on. The answer was a plea of *non est factum*.   At the close of plaintiff's testimony, the circuit court gave a peremptory instruction to find for the defendant; the propriety of this instruction is called in question by appellant's assignment of errors.   Briefly and succinctly

EVIDENCE.     stated, the evidence is; that plaintiff is a furniture dealer in South St. Louis; that near plaintiff's place of business, the defendant owns and operates the Glendale Zinc Works; that a year or more before the employment of E. F. Keller, the defendant had in his employ one Lee Emerson, as cashier and bookkeeper; that one of the methods of settling with employees of the defendant, who quit work or were discharged, between monthly payments was to issue a certificate of indebtedness like the one sued on, called time certificates; that Emerson, and after him Keller, would issue these certificates and take them to the plaintiff and other business men in the immediate neighborhood and get them cashed for the men, and on the day following the next regular monthly pay day, cash and take them up; that the certificate was formulated by the defendant for the purposes above stated; that when Emerson quit his employment E. F. Keller was employed by defendant as his bookkeeper and cashier in Emerson's place, and continued as Emerson had done before him, to pay off hands on regular pay days and to issue time certificates to discharge employees, and to such as quit work on days other than regular pay days, and frequently presented certificates so issued by him to plaintiff and other nearby merchants for the

purpose of getting the cash to hand to quitting or discharged employees. The certificates sued on are in the following form:

"*14.30*                                                          *No.* 140
"S. C. EDGAR
*Glendale Zinc Works.*

"*This is to certify* that Mike Jososki has due him fourteen and 30-100 *dollars. For work done in the month* of September, *1895.*

"*Payable* October 16th, *1895.*
"(Signed) S. C. EDGAR,
"Per E. F. KELLER.
"(Indorsed) MIKE JOSOSKI."

Plaintiff's testimony is, and it is undisputed, that Keller in person, while in the employ of defendant as bookkeeper and cashier, from time to time, presented the certificates, one at a time to him and asked him to cash them for the benefit of the payees named in them; that he paid ninety-five per cent of the face value for each certificate, in good faith, believing they were all right; that he had previous to this time cashed like certificates at Keller's request which had been paid at the defendant's office by Keller and in defendant's presence without objection or protest. A similar course of dealing with others was testified to by other witnesses. We think this evidence was ample to show the authority of Keller to issue the certificates sued on. The authority of an agent need not be shown by express authority, but it may be proven by the habit and course of business of the principal. Mills v. Berla, 23 S. W. Rep. 910; Mabray v. Kelley-Goodfellow Shoe Co., 73 Mo. App. 1. We think also that the authority of Keller to make out and sign his principal's name to the certificates may be inferred from the nature of his employment. Edwards v. Thomas, 66 Mo. 468. The defense

AUTHORITY of agent: how shown.

was *non est factum;* this plea was met and overthrown when it was proven that Keller in person presented the certificates to plaintiff and got them cashed, provided he had authority to sign them as the agent of defendant; for if he had authority to sign them and in person presented them and received the cash on them, both he and his principal are estopped to deny their execution or genuineness, or that they were indorsed by the payee.

Another error complained of, and which is sufficient to require a reversal of the judgment is this; plaintiff's counsel asked a question of a witness; defendant objected to the question, the court sustained the objection; counsel for plaintiff then undertook to state what he expected to prove by the witness; counsel for defendant objected to his making such a statement; the court sustained this objection also, and counsel for plaintiff was not permitted to state the proffered evidence. Where evidence is excluded by the trial court, unless the same is preserved in the bill of exceptions, an appellate court can not determine whether the excluded testimony is material or not, and will not pass upon the ruling of the trial court in excluding it. Bank v. Wills, 79 Mo. 275; Bank v. Aull, 80 Mo. 199; Jackson v. Hardin, 83 Mo. 175; State v. Douglass, 81 Mo. 235. For errors herein noted, the judgment is reversed and the cause remanded. All concur.

REJECTED testimony must be preserved in bill of exceptions.