## JOHN L. DODD v. JOE SKELTON.

FILED JULY 22, 1902. No. 12,131.

1. **Replevin: APPEAL: NEW AFFIDAVIT.** When an action of replevin is removed to the district court by appeal, it is not necessary to file a new affidavit.

2. ———: ———. CONDITION OF MORTGAGE: DEFAULT. An affidavit in replevin, which alleges a special ownership, by stating that there is a certain sum due upon the mortgage under which the plaintiff claims, and that there has been a default in the condition of such mortgage, is not absolutely void, and, if assailed by motion to quash, may be amended.

3. **Directing a Verdict.** If the court has jurisdiction of a case, and the evidence is undisputed, it is not error to direct a verdict.

4. **Error: MOTION: FAILURE TO RULE: ATTENTION OF COURT.** The failure of the court to rule on a motion which has not been brought to its attention, is not error.

5. **Proceeding in Replevin: ISSUE FORMED BY PLEADINGS.** When the special proceeding in replevin is not assailed, the only thing for the trial court to do is try and determine the issue formed by the pleadings.

ERROR from the district court for Custer county. Tried below before SULLIVAN, J. *Affirmed.*

*J. R. Dean,* for plaintiff in error.

*Charles H. Holcomb, contra.*

SULLIVAN, C. J.

This action to recover possession of specific personal property was brought by Joe Skelton against John L. Dodd before A. Moore, a justice of the peace for Custer county. The affidavit filed by Skelton in the office of the justice alleges a special ownership. It states that "the said plaintiff has a special interest in and to said property by virtue of a chattel mortgage executed by defendant to plaintiff upon which default has been made, there being due thereon $181.40." The other allegations of the affidavit are in the usual form and are conceded to be sufficient. On the return day of the summons the defendant appeared, and without challenging the jurisdiction of the justice or making any objection to the affidavit, proceeded to a trial of the case on the merits. For the purpose, it would seem, of raising a distinct issue, Dodd admitted the execution and validity of the plaintiff's mortgage, and that the note which the mortgage was given to secure was past due and only partially paid. By way of avoidance, he alleged a contract providing for an extension of the time of payment. The issue thus formed was tried to a jury, and the trial resulted in a verdict and judgment in favor of the plaintiff. The defendant thereupon removed the cause by appeal to the district court, where the question of whether there had been a valid contract, extending the time of payment of the note described in the mortgage, was again litigated, and again decided in favor of the plaintiff.

The petition in error really presents but one question for decision, and that is whether the trial court erred in directing the jury to return a verdict in favor of Skelton. In our opinion, the instruction was right. The evidence shows conclusively that there was no consideration to support an agreement extending the time of payment of the

Dodd v. Skelton.

debt secured by the mortgage. This is apparently conceded, but it is claimed that the affidavit filed before the justice of the peace failed to show that the debt secured by the mortgage had matured, and that the justice was, therefore, without jurisdiction to try the cause. It is perhaps true that the affidavit was defective, but it was not absolutely void. It stated a conclusion rather than a fact; but if it had been assailed by motion to quash, leave to amend would have been given as a matter of course. *German Nat. Bank of Beatrice v. Aultman, Miller & Co.*, 63 Nebr., 324; *Commercial State Bank of Crawford v. Ketcham*, 46 Nebr., 568.

The affidavit filed by the plaintiff in the district court was evidently intended as a pleading, and was treated and dealt with as such. The defendant in his answer refers to it as a petition, and he moved to strike it from the files on the ground that it raised a new issue, and for other reasons. Whether it contains all the statutory elements of a replevin affidavit is not material. For the purposes of the litigation the original affidavit was sufficient. The motion to strike the affidavit or petition not having been brought to the attention of the trial court, was not ruled upon, and is therefore not before us for consideration in this proceeding.

In the district court the defendant voluntarily presented an issue for trial and demanded affirmative relief. He not only submitted to the authority of the court, but invoked its action in his own behalf. The special proceeding not having been assailed, nothing remained for the court to do but to decide the issue presented by the pleadings. *Hudelson v. First Nat. Bank of Tobias*, 51 Nebr., 557; *Furrow v. Chapin*, 13 Kan., 107; *McKee v. Metraw*, 31 Minn., 429; 18 Ency. Pl. & Pr., 517. That issue was correctly decided, and the judgment is therefore

AFFIRMED.