## HUTCHINGS v. COBBLE.

No. 1160.    Opinion Filed November 14, 1911.

(120 Pac. 1013.)

1. **REPLEVIN—Affidavit—Defects—Waiver of Objections.** Irregularities and defects in the affidavit in an action in replevin, sufficient to give ground for dismissal of an action, if timely objection had been made, will be waived, and the court will obtain jurisdiction to try the case, if the defendant answer to the merits without raising objection thereto.

2. **SAME—Order for Delivery of Property—Necessity.** An action for the recovery of specific personal property may be maintained in the county or district courts of this state, although no order is issued for the delivery of such property before judgment.

3. **SAME—Affidavit—Office.** The office of an affidavit in replevin is to authorize the issuance of the writ, and although the affidavit is omitted, or is defective, the court may hear and determine the action, although the possession of the property may not be had without the affidavit, unless the same has been waived.

4. **SAME—Motion to Quash Writ—Time for Motion—Plea in Abatement.** A motion to quash the writ of replevin, or a plea in abatement of the writ, must be filed in apt time; it must be interposed before pleading in chief, or answering to the merits.

5. **APPEAL AND ERROR—Review—Discretion of Court—Continuance.** The granting of a continuance is a matter within the sound judicial discretion of the trial court, and, unless it affirmatively appears that such discretion has been abused, this court will not interfere with the ruling of the trial court on the subject.

6. **REPLEVIN—Conditions Precedent—Demand and Refusal.** In a case in replevin, where no demand for possession was made before the commencement of the action, and the defendant contests the action, the writ will be sufficient demand, and defending the suit a refusal.

7. **APPEAL AND ERROR — Presentation of Questions in Lower Court—Reception of Evidence.** A married woman, as a general rule, is incompetent to testify in an action to which her husband is a party, and on an announcement by the court that she is incompetent, counsel should state what it is that is proposed to prove by her. Otherwise, the appellate court cannot say that the matter concerning which it is proposed to have her testify was material, and, if material, whether she was competent to testify in regard to it or not.

(Syllabus by Robertson, C.)

*Error from Delaware County Court; Wilson N. Smith, Judge.*

Action in replevin by James A. Cobble against James F. Hutchings. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was begun in the county court of Delaware county, on November 27, 1908, by James A. Cobble, as plaintiff, and hereinafter designated as such, against James F. Hutchings, hereinafter called defendant, to recover, by virtue of a chattel mortgage, possession of a team of mules, wagon, and harness, of the value of $250. Plaintiff also prayed that his special interest in said property be ascertained, and that he have $50 damages for the alleged wrongful detention, and costs of suit. The writ issued, and the sheriff took possession of the above-described property thereunder, and in due time defendant executed a redelivery bond, which was approved by the sheriff, and the property was returned to him, and he has retained possession since. On December 9, 1908, defendant made a general appearance and filed his answer to the petition of plaintiff, and therein admitted the execution of the chattel mortgage under and by which plaintiff instituted this action, but as a defense thereto set up and pleaded a counterclaim against plaintiff for a sum greater than plaintiff claimed from him. Thereafter on December 26, 1908, plaintiff replied by general denial to defendant's answer. On January 27, 1909, defendant made application for, and was granted, a continuance, and the cause was set for April 6, 1909, when on application of plaintiff a continuance was granted him. Thereafter, and on June 16, 1909, about six months after the issues had been settled, and each side had been given a continuance, the defendant moved to quash the writ and strike the same from the files for the reason that the same showed on its face to have been issued by a private citizen purporting to act as clerk of the county court, and the further reason that Harrison Davis, who issued said writ, was not the clerk of the court, nor could the county court of Delaware county have a clerk at the time, and the court only had authority to issue said writ and did not issue the same, and for the further reason that no affidavit had

ever been filed in said cause. The facts in this case show that one Harrison Davis was acting as clerk of the county court, in Delaware county, at the time, and the affidavit in this case was made before him; and that he, as such clerk, issued the writ of replevin herein, and that he derived his authority to act as clerk from an order of the court appointing him as such, although his appointment had not been approved by the county commissioners of Delaware county, and also that Delaware county had less than 10,000 population, as shown by the preceding census, and, as counsel for defendant contended, there was no provision in law for a clerk of the county court in counties having less than 10,000 population. This motion was overruled by the court, to which ruling the defendant excepted. Thereafter the cause came on for trial, before a jury, and a verdict was rendered in favor of the plaintiff and against the defendant for the possession of the property described in the petition, which also found his special interest therein to be of the value over and above the counterclaim, of $163.71. Thereafter judgment was rendered on the verdict, motion for new trial was filed, overruled and exceptions taken, and the defendant brings this appeal to reverse said judgment.

*J. G. Austin,* for plaintiff in error.

*Ad V. Coppedge* and *George J. Grayson,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The first assignment of error urged by defendant is that the court erred in overruling the motion to quash the writ and strike the same from the files, on the grounds that Harrison Davis, who issued the same, was not the clerk of the county court, of Delaware county, and that, therefore, the same was void and conferred no jurisdiction upon the court to hear and determine this action. Counsel urges that inasmuch as Delaware county, at that time, had less than 10,000 people, there could be no clerk of the county court, and that the duties·appertaining to such office must be performed by the county judge, and that

he alone had authority to administer the oath, to issue the writ of replevin, and summons herein. There could be no doubt of the soundness of counsel's contention, had his objection been timely. Had he, before answer, or other plea, made his objection on these grounds, the court would, without doubt, have quashed the writ and granted the relief prayed for in the motion. The record discloses the fact that the case was begun on November 27, 1908; that defendant immediately executed a redelivery bond, and retained possession of the property in controversy; that on the 9th of December he made a general appearance and filed his answer, in which he admitted the execution of the chattel mortgage and the validity of the same, but denied that he was indebted to plaintiff thereunder, on account of a counterclaim which he then and there set up in his answer and prayed judgment upon. Thereafter a reply was filed, and the issues were thus made up and the cause stood ready for trial. In February defendant was given a continuance on his own application, and the cause went over until the April term, when the plaintiff asked for, and was granted, a continuance, and not until then did the defendant object in any wise or manner to the jurisdiction of the court over the person of the defendant or the subject-matter of the controversy.

At common law, an action of replevin, to try the right to the possession of personal property, could not proceed without an affidavit, but under our statute, an affidavit is necessary only in order to obtain possession to the property prior to the trial. However, in states where the action may proceed, as one for damages, without the taking of possession of the property by the plaintiff, it is immaterial whether or not an affidavit has been filed, where the property sought to be recovered is not taken on the writ or delivered to the plaintiff by virtue thereof, and judgment has been rendered as in an action for damages. The absence of the affidavit is not only immaterial in such cases, after a judgment has been rendered, but before a judgment is rendered its absence will only prevent plaintiff from getting possession of the property

until after a judgment in his favor.    See Shinn on Replevin, sec. 324.   The same author, continuing, says:

"A defendant who voluntarily enters his appearance, thereby becomes a party to a pending suit or waives the filing of an affidavit as to him.   So far as the defendant is *personally* concerned, the absence of the affidavit will be immaterial, if the defendant appeared and pleaded to the merits, for this would be a jurisdictional equivalent to all the steps otherwise necessary to the obtaining of jurisdiction over him."

And in section 325 it is said:

"A party defendant, whose rights may be affected by the judgment in the action (and no other person is a proper party defendant), may urge the objection that no affidavit has been filed, or that the affidavit filed is defective, unless he has waived his right to do so.   A defendant who gives a redelivery bond and procures a return of the property to him, thereafter cannot have the action dismissed on the ground that no affidavit was filed, and the court has not obtained jurisdiction.   The court has jurisdiction after such appearance."

Section 327:

"It is a general rule that irregularities and defects in an affidavit, etc., sufficient to give ground for a dismissal of the action, if timely objection has been made, will be waived, and the court will obtain jurisdiction to try the case, if the defendant answer to the merits without raising objection thereto."

Section 5687, Comp. Laws 1909, reads as follows:

"The plaintiff, in an action to recover the possession of specific personal property *may*, in the commencement of the suit, or at any time before answering, claim the immediate delivery of such property, as provided in this chapter."

Thus it will be seen that in this state an action in replevin may be maintained without the filing of the affidavit or the issuance of the writ.   The office of the affidavit is to authorize the issuance of the writ.   The writ cannot lawfully issue without the affidavit, but in case it does, then the remedy would be a timely motion to quash, and the court, having its attention called to the lack of an affidavit, would be bound to grant the relief prayed for.   The section of statute, *supra,* is identical with the Kansas statute on the same subject, and has been construed by the Su-

preme Court of that state prior to the adoption of the Code by us, and consequently the decisions of that court under such circumstances are binding upon us. In *Batchelor v. Walburn et al.,* 23 Kan. 734, which was an action in replevin without an affidavit, and in which no writ issued, and no property was taken by the plaintiff, on an objection by the defendant that such an action could not be maintained under the Code, without a seizure of the property at some time before the final determination of the suit, and without either affidavit or bond, the court, speaking through Mr. Justice Brewer, in discussing section 5687, *supra,* said:

"The plaintiff *may,* not must; and he *may* at the commencement of the suit, or at any time before answering. The action exists, or may exist, before the order. The section recognizes the action, and says certain things may be done in it. It nowhere provides that a failure to make the order abates the action, or that defendant may prevent a recovery by showing that plaintiff has not availed him of all the privileges which the statute has given. The order for the delivery is ancillary. It is like an order of injunction, which may be the final judgment or provisional remedy. In replevin, the judgment may be for the possession, or the value thereof, in case a delivery cannot be had, and delivery may be enforced after judgment, by attachment, as for contempt. It would be a strange omission if such action could not be maintained; in many cases a gross denial of justice. Immediate delivery can be secured only by giving bond. This is sometimes impossible, especially where the plaintiff is poor or a stranger. In such a case, to turn him over to a mere action for the value would be no relief. * * * The section of the statute above quoted is identical with section 206 of the N. Y. Code, and in *Vogle v. Babcock,* 1 Abb. Prac. [N. Y.] 176, and *Corbin v. Melton,* 27 How. Prac. [N. Y.] 76, it was said: 'It is not necessary that the plaintiff in an action to recover the possession of personal property under the Code should claim the delivery of the property before judgment, and furnish security to the defendant, as indispensable in the old action of replevin.' "

We quote this section of our statute and cite these cases merely to show that the court below had jurisdiction of the subject-matter, and of the parties, even though the affidavit, bond, and writ were void, especially after a general appearance and

answer by defendant. We are inclined to agree with the contention of counsel that they were void. It cannot be urged that Harrison Davis was acting as a *de facto* officer, because, under the statute in force at the time, the county judge, by virtue of his office, was the *de jure* clerk, and, of course, as long as he was county judge, was necessarily the *de facto* clerk, and there can be no such thing as two *de facto* officers in one office. Had there been no county judge in Delaware county, there would have been no clerk either *de jure* or *de facto,* and it is not contended by any one that Harrison Davis ever acted directly or indirectly as county judge, and, if he never acted as county judge, it would be impossible for him to act as clerk either *de jure* or *de facto,* because no one could be clerk, except that he be the county judge. Besides, the record affirmatively shows that the county judge, who was *ex officio* clerk, was present and acting as such, at all times. However, we do not think it necessary for us to decide whether or not the acts of Davis, as clerk, are void, and therefore decline to pass upon that question at this time. The petition states a good cause of action in replevin. The defendant answered, and thereby made a general appearance, and thereby conferred jurisdiction of the court over his person, and the court always had jurisdiction of the subject-matter of the controversy. If the affidavit, bond, and writ were void, certainly the defendant was bound to know it before answer or plea to the merits of the case. He waived any objection to them by his conduct, and will not be heard to question their validity.

"A motion to dismiss a suit for want of a sufficient affidavit comes too late after the party has appeared and pleaded, such appearance and pleading operating as a waiver of the irregularity in issuing the writ without a sufficient affidavit." (*Frink v. Flanagan,* 6 Ill. 35.)

"It is a general rule that irregularities and defects in an affidavit, etc., sufficient to give ground for dismissal of the action, if timely objection had been made, will be waived, and the court will obtain jurisdiction to try the case if the defendant answer to the merits without raising objection thereto." (Shinn on Replevin, sec. 327.)

Opinion of the Court.

*McKee v. Metram,* 31 Minn. 429, 18 N. W. 148; *Baker v. Dubois,* 32 Mich. 92; *Clark v. Dunlap,* 50 Mich. 492, 15 N. W. 565; *Davis v. Warfield,* 38 Ind. 461; *Frink v. Flanagan,* 6 Ill. 35; *Udell v. Slocum,* 56 Ill. App. 216.

"It is the opinion of the court that the motion to dismiss came too late. Though in the nature of a plea in abatement, it was not made till after issue joined. Pleading to the merits admits the service to be regular." (*Wilson v. Nichols,* 29 Me. 566.)

"Either a motion to quash the writ, or a plea in abatement of the writ, must be filed in apt time. It must be interposed at the return term before pleading in chief, or answering to the merits." (Shinn on Replevin, sec. 377.)

*Johnson v. Richards,* 11 Me. 49; *Butts v. Screws,* 95 N. C. 215; *Pierce v. Rehfuss,* 35 Mich. 53; *Wilson v. Nichols,* 29 Me. 566; *Simonds v. Parker,* 1 Metc. (Mass.) 508; *Baker v. Daily,* 6 Neb. 465; *Daniel v. Prather,* 1 Bibb (Ky.) 484; *Roggencamp v. Moore,* 9 Neb. 105, 2 N. W. 227.

The court proceeded with the trial of the cause and the issues were submitted to the jury, under proper instructions, and a verdict was returned in favor of the plaintiff for the immediate possession of the property, or in case the same could not be returned, then for the value of plaintiff's special interest therein, which the jury found to be $163.71. Hence we conclude that even though the affidavit and the bond and the writ herein may have been void, yet the court had jurisdiction of the subject-matter and of the parties under the facts of this case, and could render a valid judgment as between them, and that the judgment of the court may be enforced, either by citation as for a contempt in case the defendant refuses to deliver the property to plaintiff, or by an execution against the defendant for the sum found due him by the verdict of the jury.

It is next contended by counsel for defendant that the court erred in granting plaintiff a continuance. Counsel seemingly forgets that the court, a short time before, had granted his client a continuance. Nor does he point out to us that on account of the ruling complained of he was precluded from making his full defense to the action, or that he was denied any rights in proving

up his counterclaim. It does not appear that he will be ·in any better condition to try his case again, even though an opportunity should be given him.

"The granting or refusing to grant a continuance of a cause rests largely in the sound discretion of the trial court, and, in the absence of the abuse of such discretion, the ruling of the trial ·court will not be disturbed on appeal." (*St. L. & S. F. Ry. Co. v. Cox*, 26 Okla. 331, 109 Pac. 511; *Murphy v. Hood & Lumley*, 12 Okla. 593, 73 Pac. 261.)

No abuse of discretion appearing of record, we conclude that there was no error committed in granting plaintiff a continuance.

Nor do we see any merit in the fourth assignment of error wherein the defendant complains of the ruling of the court in overruling his motion to make plaintiff's reply more definite and certain. The reply alleged "that on the date of the execution of the note and mortgage referred to in plaintiff's petition, there were other and different matters of mutual account between the plaintiff and the defendant, and that on such date the plaintiff and. defendant mutually agreed that all obligations between the plaintiff and defendant, except the said note and mortgage, should be extinguished and satisfied."

Defendant, on the day of the trial, moved that said reply be made more definite and certain, as to the new matter alleged therein, which motion was overruled by the court, and, as we think, properly. It was a good reply to defendant's answer, which set up a large number of items which defendant alleged was owing him by the plaintiff. In his answer the defendant alleged that plaintiff at the date of the execution of the note and mortgage, was indebted to defendant in a larger sum than that named in the note. This reply denied those allegations, and in addition thereto alleged that there was an agreement fully executed by the parties, on the day the note was executed, whereby all mutual accounts prior to the execution of the note should be extinguished and satisfied. It does not appear from the record that defendant was prevented, in any manner by such averment, from making a full and complete defense to the allegations of plaintiff's petition, and he has not pointed out in his brief

in any way how he was prejudiced by the ruling of the court, nor has he cited an authority in support of the assertion made in the assignment of error.

Defendant next complains that the court erred in overruling his motion interposed at the close of plaintiff's testimony for a peremptory instruction directing the jury to return a verdict in his behalf, and in his brief says: "This item is directed at the principle of the case, and is the chief ground for the reversal of the entire case without regard for the other features." (Record, p. 8.)

The item above mentioned has reference to the question of demand before trial. It will be remembered that the property sought to be recovered in this case was in the possession of the defendant, but covered by a chattel mortgage, among the conditions of which was a provision that after the debt became due, or upon any other condition being broken, the mortgagee was entitled to the immediate possession of the property. The defendant claims the plaintiff should not prevail in this action for the reason that no demand was made on the defendant prior to the commencement of the suit for the possession of the property. Our Supreme Court has passed squarely on this point in *Citizens' State Bank of Lawton v. Citizens' State Bank of Chattanooga*, 23 Okla. 767, 101 Pac. 1118, the syllabus of which is as follows:

"In order to maintain an action of replevin, even where the original taking was not tortious or wrongful, a demand for possession of the property is not a condition precedent.

"In an action for the possession of property, where the defendant, without demand, was rightfully in possession, and there beng no demand, he is entitled to his costs.

"If no demand is made and the original possession of the defendant be lawful, and he tendered the property to the plaintiff, and upon its delivery by proper answer or plea, discharges the action, costs should be taxed against the plaintiff.

"If the defendant does not pursue this course, and contest the action, the writ will be sufficient demand and defending the suit a refusal."

In this case the defendant was rightfully in possession of the property prior to the commencement of the action. The note

was past due, however, and plaintiff was entitled to the immediate possession of the same. Had he, when served, delivered possession to the plaintiff he would have been entitled to his costs, but he refused to deliver possession, and gave a redelivery bond and contested the action. Under the rule laid down in the above case, the writ was the demand, and defending the suit was a refusal to deliver.

See, also, in support of this doctrine, *Dearing v. Ford,* 13 Smedes & M. (Miss.) 274; 4 Am. & Eng. Enc. Law (2d Ed.) 510; Shinn on Replevin, sec. 316; Cobbey on Replevin, sec. 450.

The next assignment of error urged in the brief of the defendant is that the court erred in excluding the testimony of Leona B. Hutchings, the wife of the defendant. An objection to her testifying was made by plaintiff, "for the reason that it is not shown that witness acted as agent for the defendant, or has a joint interest in the action." The objection was sustained. Whereupon in order to qualify the witness, counsel propounded the following questions, to wit:

"Q. Mrs. Hutchings, who is the head of the house at your home? A. My husband. Q. In the absence of your husband, in what capacity do you act in your relation with other people? (Plaintiff objects. Sustained.) Q. Mrs. Hutchings, in what capacity did you act in your dealing, if any you had, with James A. Cobble? (Plaintiff objects. Sustained.) Q. Did you ever make any arrangements with J. A. Cobble in which you had a joint interest, or acted as agent for your husband? (Plaintiff objects. Sustained.)"

Thus it will be seen that the only questions propounded called for *conclusions,* and not for *facts* which showed that she *had been* the agent of her husband. Counsel, after the court had sustained the objections, made no offer as to what he expected to prove by her, and we cannot say, therefore, that there was error in the ruling of the court. A statement by counsel as to what he could prove, or an offer to prove certain facts by the wife would enable us to determine whether the testimony was material, as well as whether the witness was competent to testify.

"A married woman, as a general rule, is incompetent to testify in an action to which her husband is a party, and on an an-

nouncement by the court that she is incompetent for any purpose, counsel should state what it is that is proposed to be proved by her. Otherwise, the appellate court cannot say that the matter concerning which it was proposed to have her testify was material, and if material, whether she was competent to testify in regard to it or not." (*Kischman v. Scott,* 166 Mo. 214, 65 S. W. 1031.)

"Where evidence is excluded appellant must show appellate court what the testimony would have been in order to have that court pass upon its materiality and convince the lower court of error in excluding it." (*Bank v. Durrill,* 61 Mo. App. 543; *Watkins v. Edgar,* 77 Mo. App. 148.)

"Where a question fails to show that the answer would be material, it will be excluded, unless the questioner state what he expects to elicit and so shows the materiality." (*Votaw v. Diehl,* 62 Iowa, 676, 13 N. W. 757, 18 N. W. 305.)

"The relevancy of evidence *prima facie* irrelevant must be shown, or it should be rejected." (*McGarrity v. Byington,* 12 Cal. 426.)

We must therefore hold that no error was committed by the court in refusing to permit the wife to testify in this case.

This disposes of the errors assigned, and, after a careful review of the entire case, it does not appear that there was such error in the record that would warrant interference with the judgment rendered in the court below.

Therefore the judgment of the county court of Delaware county in this case should be affirmed.

By the Court: It is so ordered.

All the Justices concur.