## CHARLES KEITH v. STATE.

No. A-4495. Opinion Filed April 25. 1925.
(235 Pac. 634.)

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Charles Keith was convicted of unlawful transportation of intoxicating liquor. Reversed.

Babcock & Trevathan, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted upon an information charging that he did on July 6, 1922, unlawfully transport intoxicating liquor from one place within Canadian county to another place therein, to wit, from the northeast corner of the brick building on lot 1, block 81, city of El Reno, to a point along the north side of said building, a distance of about 75 feet, and in accordance with the verdict of the jury he was sentenced to be confined in the county jail for six months and to pay a fine of $500. From the judgment he appeals and assigns as error the overruling of his motions to suppress and exclude from the consideration of the jury certain evidence obtained by an unlawful search of his person.

The undisputed facts are that F. V. Pierce, policeman, stopped the defendant on the street and told him he wanted to search him, and the defendant refused to be searched. The policeman called another man, Marion Womack, to help search him, and they took from the defendant's pocket a pint bottle of whisky. He was arrested, and this prosecution followed. Before the commencement of the trial the defendant moved to suppress all the evidence on the ground that it had been obtained by means of an unlawful search of the defendant and was an unreasonable search and seizure made in violation of the constitutional rights of the defendant. The prosecution admitted that the search was made without a search warrant and without a warrant for the arrest of the defendant.

Against the defendant's objections, the bottle of whisky was offered in evidence.

The questions presented are the same as in case of Keith v. State, 30 Okla. 168, 235 P. 631, opinion this day handed down.

For the reasons given in the opinion in that case, the judgment of the lower court is reversed.