## J. L. WARD v. J. H. MASTERSON.

1. REPLEVIN; *When Judgment must be in the Alternative.* In a replevin suit, where the verdict is in favor of the plaintiff, and it does not appear that he has already obtained the possession of articles in controversy, the judgment should be entered in the alternative for the recovery of the possession, or, in case a delivery cannot be had, for the value thereof.

2. ————— Where the verdict is in favor of the plaintiff for some of the arti les claimed, and in favor of the defendant for the remainder, and it does not appear that defendant's possession of any has been disturbed, the defendant is entitled to no judgment, and is not prejudiced by a failure to assess the value of the articles found to be his, or damages for taking and withholding them.

3. *Judgment not to exceed amount alleged in petition.* Where the verdict assesses the value of articles replevied at a sum greater than that alleged in the petition, and no amendment of the petition is made or asked, the judgment should be entered only for the sum stated in the petition.

### *Error from Crawford District Court.*

REPLEVIN brought by *Masterson* for ten head of cattle, alleged to be of the value of $40 each. Each party claimed the right of property and right of possession. Trial at the September Term 1871. The verdict is set forth in full, and other proceedings, and the essential facts, are stated in the opinion. The defendant brings the case here by petition in error.

*John T. Voss,* for plaintiff in error:

1. No proper judgment could be rendered upon the verdict in said cause. An inspection of the verdict will show that it was made up and rendered by the jury without being properly instructed in the case. It nowhere appears that the jury were told that they must find the value of the property, and they made a guess, on the part of the plaintiff, and assessed the value of the six steers they found for him at $300, and assessed his damages at $27.12½. And why this assessment of damages was made, or what for, we are not informed. This is a money-judgment, and not in the alternative as it should be, according to law. 10 Humph., (Tenn.,) 171. The

value of each article must be separately found.   Code, § 177; 7 Wis., 211.

2. The plaintiff only claimed a judgment for $400, for ten steers, at $40 per head.   The jury attempted to give him six steers, at $50 per head, being more than he claimed in his affidavit and petition.   And before he is entitled to such judgment he must amend his petition.

3. The defendant has no judgment for anything in this case.   Nothing for the unlawful seizure of his cattle, no judgment for his cattle, none for his costs, no value found for his cattle.   So far as four steers are concerned, the defendant had a complete victory, and he certainly was entitled to a judgment to quiet his title, and the defendant is entitled to damages for seizing and withholding his property, and he has a right to have that damage assessed by a jury.

In replevin for several articles, where the jury find for the plaintiff as to a part, and for the defendant as to part, assessing to each the proper damages, separate judgments will be entered with costs.   Civil code, §§ 184, 185;  9 Ohio, 72; 5 Mass., 343.   And see 12 Ohio, 112, and 12 Ohio St., 432.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding to reverse a judgment of the district court of Crawford county in a replevin suit. The case was tried before a jury, and the following verdict rendered:

"We the jury find for the plaintiff as to the following described six steers: One red steer branded *H F;* One red steer, *Z B;* One red steer, *G;* One white steer, *G;* One red steer, *O O;* One red steer, *T O;* and assess their value at $300.   And find his damages $27.12½.   And we, the jury, find for the defendant as to the following described steers: One red steer with white belly and face branded *C C;* One brown steer without brand; two red steers without brand."

Upon this verdict a simple money-judgment in favor of the plaintiff was rendered for the value of the steers and the damages.   That this was improper has been settled by the decision of this court in the case of *Hall v. Cohen,* 6 Kas.,

356. See also cases therein cited. But as there decided it is unnecessary to reverse the judgment and order a new trial. It is sufficient to direct a modification, and that the judgment be entered in the alternative for the delivery of the possession, or in case that cannot be had, for the recovery of the value.

It is objected that the verdict fails to find the value of the steers belonging to defendant, or to assess any damages for taking and withholding them. So far as the record shows no order of delivery was ever issued in this case, nor was the possession of defendant ever disturbed. The record shows simply a petition and answer, and then a trial. If then the steers were never taken from his possession, a failure to find their value has worked no prejudice; nor could any damages be assessed. But the defendant insists that he was entitled to a judgment quieting his title to the four steers, and therefore to a judgment in his favor for part of the costs. We think not. The plaintiff sues for ten head of cattle, and proves title to six. He takes judgment for the six. His failure to obtain judgment for any more, is all the relief the defendant is entitled to. If the possession of defendant had been disturbed the rule might be different. But as this case presents the question, it resembles a suit on two notes in which the plaintiff proves one and fails to prove the other. The judgment is entered in favor of the plaintiff for the amount of the note proved, and there it stops. No judgment is entered in favor of the defendant declaring the other note void, or paid, and carrying part of the costs. If the plaintiff has title to only six, then as between him and defendant, the latter has title to the other four. The rule is general, that where a plaintiff claims affirmative relief, a finding and judgment in his favor as to a portion of his claim is an adjudication against him as to the remainder, and this without any formal statement to that effect in either finding or judgment.

It is further objected that the verdict does not assess the value of each steer separately, and assesses the value of the six at a larger sum than is claimed in the petition. The petition, after describing the ten steers, alleges their value to be forty

dollars each. The assessment of the verdict is three hundred dollars for six steers, or at the rate of fifty dollars each. As no amendment of the petition was made or asked, judgment should have been entered for only the amount alleged, forty dollars each, or $240 altogether, and to that extent the judgment must be modified. Our statute nowhere requires either petition, answer or verdict to state the value of the articles in controversy separately. It simply provides that the *affidavit* for an order of delivery shall state such values separately as nearly as practicable. Civil code, § 177. If a party desires a finding as to the value of any particular article, doubtless he could obtain it by applying under the provisions of § 286 of the code as amended in 1870. (Laws 1870, p. 173, § 7.) But failing to apply under that section he cannot complain if the jury return the valuation in gross.

The case will be remanded to the district court with instructions to modify the judgment, so that it direct that plaintiff recover the possession of the six steers, or in case a delivery cannot be had, that he then recover the sum of two hundred and forty dollars, the value assessed, together with the damages and costs. The costs in this court will be divided.

All the Justices concurring.