Batchelor v. Walburn.

---

MARY BATCHELOR v. A. W. WALBURN, *et al.*

| | |
|---|---|
| 23 | 733 |
| 40 | 493 |
| 23 | 733 |
| 43 | 560 |
| 23 | 733 |
| 48 | 35 |
| 23 | 733 |
| 54 | 309 |
| 54 | 382 |
| 23 | 733 |
| 58 | 742 |
| 23 | 733 |
| 63 | 554 |

1. REPLEVIN; *Order for Delivery.* An action for the recovery of specific personal property may be maintained in the district court, although no order for the delivery of such property before judgment issued under art. 10 of the code of civil procedure.

2. PLEADING; *Negative Averments.* In such an action, the plaintiff's petition need not contain the negative averments required in the affidavit for an order of delivery. The matters negatived in those averments are matters of defense, and unless shown to exist, are presumed not to exist.

*Error from Bourbon District Court.*

REPLEVIN, brought by *Mary Batchelor* against *Walburn* and three others. Trial at the September Term, 1879, of the district court, and judgment for defendants. The plaintiff brings the case here. The facts sufficiently appear in the opinion.

*E. F. Ware,* for plaintiff in error.

*Blair & Perry,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the plaintiff in error (plaintiff below), to recover the possession of specific personal property. The petition was as follows:

(*Court, and Title.*) "The plaintiff says, that at Fort Scott, Kansas, on January 1, 1879, the defendants wrongfully detained from this plaintiff, and still detain in their possession, the goods and chattels of this plaintiff, to wit: [Here follows a description of the property, location and value.] The plaintiff is the owner of said property, and entitled to the immediate possession thereof. The defendants, although due demand has been made, refuse to deliver possession of said property to the plaintiff. Wherefore she brings this her action in replevin, to recover the possession of the same, and costs of suit, and asks judgment accordingly."

The truth of the petition was verified by the affidavit of the plaintiff. Neither the affidavit, nor the bond required by the statute to obtain an order of delivery, was filed; no order of delivery was ever issued, and the property remained undisturbed in the possession of the defendants, and is still in their possession.

All of the defendants answered — all filed a general denial; in addition to which, two of the defendants, Wyckoff and McFarlane, answered further, saying:

"And for a second and further answer and defense, these defendants allege and aver that they are the owners of the property described in plaintiff's petition, to wit: [here follows description;] and the plaintiff has no title or ownership or right of possession whatever therein or thereto ; that the said described property, on or about the first day of January, 1874, and long prior thereto, was part and parcel of certain real estate in St. Clair county, Mo., being and composing the fixtures in a certain mill, at that time owned by a co-defendant herein, Mrs. E. K. Batchelor; that on or about said last-mentioned date, said mill building was accidentally burned ; and after said fire, the property in controversy still remained in its original position — was still fixtures, and a part and parcel of said certain real estate. Defendants further aver that on or about the 12th day of March, 1878, they purchased from their co-defendant, Mrs. Batchelor, the then owner of the

said mill property, the property in controversy in this action, paying her full value therefor; that said sale vested the exclusive title to said property in defendants, and that they still are the owners thereof. Wherefore, defendants pray judgment."

To the foregoing, neither Walburn nor Mrs. E. K. Batchelor replied; but this plaintiff replied by a general denial.

On the trial of the case, a jury having been impanneled, and a witness for the plaintiff placed upon the stand, the defendants objected to the introduction of any evidence, on the ground and for the reason that the plaintiff's petition did not state a cause of action, "because there is no allegation in the petition that the property described was not taken in execution on any order or judgment against said plaintiff; or for the payment of any tax, fine or amercement assessed against her; or by virtue of any order of delivery issued under art. 10, ch. 80, Gen. Stat.; or any other mesne or final process issued against said plaintiff; or if taken in any execution, or on any order or judgment against the plaintiff, that it is exempt by law from being taken."

This objection was sustained by the court, and the plaintiff refused to amend. Thereupon the defendants asked that the jury be directed to render a verdict, and that the defendants have judgment therein. Plaintiff objected — the court overruled the objection, and instructed the jury with written instructions, and directed them to find the issues for the defendants; to all of which the plaintiff objected and excepted.

Upon this, counsel for defendants in error say, that the questions presented are:

*First:* Can an action in replevin be maintained under our code without a seizure of the property at some time before final determination of the suit, and therefore without an affidavit and bond?

*Second:* If the foregoing question is answered in the affirmative, is a petition good, and can the action proceed over the defendants' objection, without what are termed the negative averments and proof of the fourth subdivision of §177

of the code being made somewhere or in some manner by the plaintiff?

The first question must, we think, be answered in the affirmative. That such a petition as appears in this case is sufficient, was adjudged in the case of *Hoisington v. Armstrong*, 22 Kas. 110. That the three elements of ownership, right of possession, and wrongful detention, are all that the plaintiff must establish, was decided in the case of *Wilson v. Fuller*, 9 Kas. 177. And that an omission of the order of delivery did not affect the action, was impliedly recognized in the case of *Ward v. Masterson*, 10 Kas. 77. The code very clearly recognizes the same fact. Sec. 176 reads: "The plaintiff in an action to recover the possession of specific personal property *may*, at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property, as provided in this chapter." The plaintiff *may*, not *must*; and he *may*, at the commencement of the suit, or at any time before answer. The action exists, or may exist, before the order. The section recognizes the action, and says certain things may be done in it. It nowhere provides that a failure to take the order abates the action, or that defendant may prevent a recovery by showing that plaintiff has not availed himself of all the privileges which the statute has given. The order for the delivery is ancillary. It is like an order of injunction, which may be the final judgment or a provisional remedy. (Code, § 237.) In replevin, the judgment may be for the possession, or the value thereof in case a delivery cannot be had. (Code, § 185.) And delivery may be enforced after judgment by attachment, as for a contempt. (Code, § 188.) It would be a strange omission if such action could not be maintained — in many cases a gross denial of justice. Immediate delivery can be secured only by giving bond. This is sometimes impossible, especially where the plaintiff is poor, or a stranger. In such a case, to turn him over to a mere action for the value, would often give no relief. The defendant might be execution-proof. The property might have great personal value; it might be a family

relic, something which the plaintiff would under no circum-
stances part with. And yet, because he is unable to give
bond, he must, according to defendants' theory, sell it at its
market value. In 1 Wait's Prac. 711, the author says: "The
code, however, leaves it optional with the plaintiff to proceed
to recover the possession of the property, under the provi-
sions of § 206 of the code, [§ 206 of the New York code cor-
responds with § 176 of our code,] before judgment in the
action, or to seek the specific recovery of the property after
judgment. It is not necessary that the plaintiff in an action
to recover the possession of personal property under the
code, should claim the delivery of the property before judg-
ment and furnish security to the defendant, as was indis-
pensable in the old action of replevin. Although he may
not resort, in the action, to the provisional remedy of claim
and delivery, he may still have judgment and execution for
the restitution of the property, with damages for its deten-
tion if he succeeds in establishing his right to recover. *Vogel
v. Babcock,* 1 Abb. 176; *Corbin v. Milton,* 27 How. 76." It
may be that a different rule obtains before a justice of the
peace, for there it is provided that the action shall not be
brought until the affidavit is filed, and that no summons shall
issue until bond is given. (Comp. Laws 1879, p. 712, §§ 56
and 57.)

The second question must also be answered in the affirma-
tive. The petition containing the three matters heretofore
mentioned is sufficient. Proof of those three facts gives plain-
tiff a right of recovery. The defendant may interpose any
matter contained in those negative averments as a defense, and
if proved, it shows that plaintiff had no right of possession.
But it is matter of defense. Perhaps any one may be proved
under a general denial, but unless shown to exist, it will be
presumed not to exist. The plaintiff is not called upon to
prove a negative. If testimony is silent upon these points,
they are out of the case, and need not be considered.

The fact that the property was not taken by virtue of any
legal process against the plaintiff, unless it was exempt from

47—23 KAS.

such process, *must exist as a fact*, and in one sense must be established; but if the plaintiff, files the proper affidavit, stating that the property *was not* so taken, and the defendant neither sets up nor proves that it *was* so taken, it will be presumed as a fact that it was *not* so taken, and therefore, by this means, such *negative fact* is established." (*Hoisington v. Armstrong*, 22 Kas. 113.)

The same rule holds good where no order for immediate delivery is asked, and the question arises on the trial and the pleadings.

For the error of the court in this ruling, the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.