The opinion of the court was delivered by
Valentine, J.:
This action was brought originally by Abraham Persing against Daniel Melton, Patrick Tarpy and John Tarpy, to recover the value of certain rent, alleged to- *746 'be due from the defendants to the plaintiff. An order of attachment was also issued in the case. The action was originally brought before a justice of the peace, and was taken on •appeal to the district court, in which last-mentioned court the action was tried by the court without a jury, and the court made the following findings and conclusions of fact and law, and rendered the following judgment, to wit:
“ The court, having heard the evidence and the argument •of counsel, finds the following facts:
“That said defendant, Patrick Tarpy, is the tenant of the ■said plaintiff, Abraham Persing; that in the fall of 1879, the said Patrick Tarpy, as the tenant of the said plaintiff, put in •the twelve acres of wheat mentioned in said plaintiff’s affidavit, said wheat being upon the premises of the said plaintiff, as set forth in said plaintiff’s affidavit herein; that the land rented by said Tarpy was farming land; that said plaintiff was to receive from said Patrick Tarpy, as rent for said twelve acres, one-third of the wheat raised on said twelve acres, in fhe half-bushel; that defendant did not live upon said rented land, but lived on land adjoining thereto; that said Tarpy ■cut and harvested said wheat, and that thereafter said Tarpy removed said wheat from said leased premises, without the ■consent of, and against the protest of, said plaintiff, who forbade him from so removing it, to said Tarpy’s premises; that there was due said plaintiff from said Patrick Tarpy, at the time of the removal of said wheat by said Tarpy, as rent for •said land, seventy-five and two-thirds bushels of wheat, of the value of fifty-two dollars and ninety-six cents; that within thirty days after the removal of said wheat by said Tarpy, ■said plaintiff attached all of said wheat, claiming a lien thereon for the amount of rent then due, to wit, the said sum of fifty-two dollars and ninety-six cents.
“ The court finds, as conclusions of law, that said plaintiff is entitled to recover of and from the said Patrick Tarpy the aforesaid sum of fifty-two dollars and ninety-six cents; that said plaintiff, having dismissed as to the said defendants Daniel Melton and John Tarpy, has a lien upon all the crop raised ■upon said twelve acres of land by said Tarpy.
“It is therefore considered, ordered and adjudged by the ■court that the said plaintiff, Abraham Persing, do have and recover of and from the said defendant Patrick Tarpy, the -aforesaid sum of fifty-two dollars and ninety-six cents, so as *747 aforesaid found due, and costs of this suit, and that the judgment herein be, and the same is, a lien upon all the crop raised upon said leased premises.
“ It is further ordered by the court, that said attached property be sold, and the proceeds arising from the sale thereof be applied to tbe satisfaction of said iudgment herein, and costs ■of this suit.”
To which findings, conclusions and judgment, the defendant then and there duly excepted.
The defendant Patrick Tarpy made a motion for a new trial, which motion was overruled, and the defendant, as plaintiff in error, now brings the case to this court.
The action was brought under §§ 24, 27 and 28 of the act relating to landlords and tenants, (Comp. Laws of 1879, 521, 522,) and as the findings and judgment were in favor of the plaintiff below, the court must have held that the action was maintainable. The defendant below, plaintiff in error, however, claims that the action is not maintainable, and that the plaintiff’s only remedy is under § 25 of the said act, which provides only for an action of replevin. In other words, the •defendant below claims that the plaintiff has no action for the value of the rent, and has no right to any attachment in this or any other action; but that his only action or remedy is an action of replevin to recover the specific though undivided share of the property due to the plaintiff as rent. Or, in other words, the defendant below claims that the plaintiff below, •defendant in error, has mistaken his remedy; that while the plaintiff below commenced an action for the value of the rent with ap auxiliary order of attachment, that he in fact should have commenced nothing but a pure and simple action of replevin for the specific property, the undivided one-third of the wheat which was due to him as rent.
We do not think that the claim of the defendant below, plaintiff in error, is tenable. He claims too much for said §25. He makes its language cover‘more ground than its terms will justly authorize. While it is true that it gives to the landlord an action of replevin, to recover the specific property which in certain cases may be due to him as rent, *748 yet it does not pretend to take away from him any other remedy given to him by this or any other statute. Section 25 simply purports to give a remedy of replevin, and does not purport to take away any other remedy. Hence the remedy of replevin given by § 25 should be construed merely as an additional remedy, or a cumulative remedy, given in certain cases, and not as a destroying remedy, swallowing up and nullifying all other remedies.
If our construction of § 25 is correct, then it follows of course that the judgment of the court below is correct.
Section 24 provides as follows:
“Sec. 24. Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided.”
Section 27 provides that when any person who shall be liable to pay rent, “whether the same be payable in money or other thing,” if he remove his property or crop, or any part thereof, from the leased premises (as the defendant in this case did), the landlord may commence an action and sue out an attachment therein.
Section 28 further provides with reference to attachments for rent. We think, however, the plaintiff’s remedy comes more particularly under § 27 of the act. In this case, rent was due from the defendant to the plaintiff. It was one-third of the crop, which was wheat. Under § 24, the plaintiff had a lien upon the whole crop, as security for the payment of his third. The defendant wrongfully removed the entire crop from the premises, including the plaintiff’s third, against the will of the plaintiff, and without offering to pay the plaintiff any portion of the rent. The plaintiff might at once, as we shall assume, have commenced his action of replevin, under § 25 of the act, to recover his third of the crop; or he might have treated the removal of his portion of the wheat as a conversion of the same, and might have commenced his action for the válue of the-same. He chose to commence this last-mentioned action. This he did under § 27 of the land *749 lord and tenant’s act; and in doing so he procured an order of attachment.' This attachment was levied upon the entire crop of wheat; and by this means the plaintiff procured an additional lien upon the property. He then not only had his original rent lien upon the property, given to him by § 24 of the act, but he also obtained an attachment lien thereon, by virtue of the levying of the attachment upon the property, in accordance with § 27 of the act. The court -below rendered judgment in favor of the plaintiff for the value of the rent due him, and declared the judgment to be a lien upon the whole crop, the entire property attached, and ordered the property to be sold to satisfy such judgment. This we think was correct, and the judgment of the court below will be affirmed.
All the Justices concurring.