JAMES VARNER v. T. B. BOWLING.

1. REPLEVIN — *Order of Delivery.* The right to maintain an action of replevin does not depend upon the taking out of an order of delivery at or after the commencement of the action.

2. AFFIDAVIT — *Bond — Trial.* It is an ancillary order, to be had at the option of the plaintiff upon the making of an affidavit, and the giving of a statutory undertaking; but, whether obtained or not, the plaintiff is still entitled to a trial of the main issue.

3. BOND, *Failure to Give — Trial, Refused; Action, Dismissed — Error.* At the commencement of a replevin action an order of delivery was issued, under which the property was delivered to the plaintiff. Afterward, upon a hearing, it was ascertained that the sureties upon the undertaking given to obtain the order of delivery had become insolvent, and the court required the plaintiff to give additional security. The plaintiff was unable to comply with this order, and for this reason the court refused his demand for a trial, dismissed his ac-

tion, and gave judgment against him. *Held*, That the denial of the trial and the dismissal of the action was error.

*Error from Wyandotte District Court.*

REPLEVIN by *Varner* against *Bowling.* The opinion herein, filed December 8, 1894, contains a sufficient statement of the case.

*Hutchings & Keplinger,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by James Varner against T. B. Bowling, to recover the possession of a stock of merchandise of about the value of $1,000. At the commencement of the action an affidavit in replevin was made and an undertaking was executed, upon which an order for the delivery of the property to the plaintiff was issued. Under this order the property was delivered to Varner. The defendant filed an answer, which was a general denial, and the cause was continued from time to time until December 7, 1889, when defendant moved the court to require the plaintiff to give additional security upon his replevin bond, upon the ground that the sureties on the bond had become insolvent since the execution of the bond. When this motion was heard, it was admitted that the security had become entirely insolvent, and the court sustained the motion and allowed 20 days within which the plaintiff might give additional security. The plaintiff declined to give additional security, for the reason that he was unable to do so. When the cause was regularly called for trial, the plaintiff announced himself ready and demanded a trial, but the application was denied, upon the ground that the plaintiff had refused to give additional security as was ordered. Then, upon motion of the defendant, and without a trial, the court gave judgment in favor of the defendant for the recovery of the property mentioned in the petition, or, in default of a return, that the defendant recover the value thereof.

In this ruling there was error. The failure to give the un-

dertaking in the first instance, or to make it good when the insolvency of the sureties was discovered, does not abate the action. Under our code, the right to maintain the action does not depend upon securing immediate possession of the property or the taking out of an order of delivery. The order is ancillary, and is to be had when the plaintiff has made the requisite affidavit and given a statutory undertaking. But, whether obtained or not, the plaintiff is still entitled to have the main case tried. (*Ward v. Masterson*, 10 Kas. 77; *Batchelor v. Walburn*, 23 id. 733; *Lamont v. Williams*, 43 id. 558; *Clouston v. Gray*, 48 id. 35.) As the action may be maintained regardless of the order of delivery, the denial of a trial and the rendering of a judgment without trial must be held to be erroneous. If the plaintiff desired to retain possession of the property, it was his duty to provide a sufficient undertaking as a substitute for the property, and we think that it was within the power of the court to require that the security be kept good, and to that end it might require additional sureties, upon ascertaining that those already upon the undertaking were insolvent or insufficient. If, upon the order of the court, the plaintiff fails to provide a sufficient undertaking, the order of delivery may doubtless be set aside and the possession of the property, if it remains in the plaintiff, may be restored to the defendant. But whatever may be done with respect to the order of delivery, the plaintiff is entitled to a trial of the main issue, to wit, whether the defendant unlawfully detained the property at the commencement of the action, and as to what damages were suffered by reason of such detention.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.