MATTHEW J. KANE,  
R. L. WILLIAMS, } JUSTICES.  
JESSE J. DUNN,

### SCOTT v. SMITH.

. No. 1410.   Opinion Filed December 7, 1912.

(129 Pac. 49.)

**REPLEVIN** — Proceedings for Taking Property — Affidavit and Bond. Under section 5687, Comp. Laws 1909, should the plaintiff seek immediate possession of the property in question, he must resort to replevin proceedings, make the statutory affidavit and bond, and procure an order of delivery. But the right to maintain an action to recover possession of specific personal property does not depend upon the taking out of an order of delivery, at or after the commencement of the action. It is an ancillary order to be had at the option of the plaintiff upon the making of an affidavit and the giving of a statutory undertaking. But whether obtained or not the plaintiff is still entitled to a trial of the main issue.

(Syllabus by Harrison, C.)

*Error from Blaine County Court;*
*O. T. Dyer, Special Judge.*

Action by O. A. Smith against Levi Scott for possession of specific personal property. Judgment for plaintiff, and defendant brings error. Affirmed.

*I. H. Lookabaugh,* for plaintiff in error.

*Laurance H. Hampton,* for defendant in error.

Opinion by HARRISON, C.    This action was begun March 19, 1908, by O. A. Smith, against Levi Scott, for possession of certain personal property consisting of cows and calves and two cream separators, of the aggregate value of $940.    Simultaneous with the filing of his petition and the issuance of summons thereupon, he brought replevin proceedings for the immediate possession of the property.    An order of replevin was issued by the court, pursuant to which the property was given into the possession of plaintiff.    No redelivery bond was given.    In October, 1908, upon a verdict of a jury the court rendered judgment in favor of plaintiff for possession of the property in question.    In due time defendant appealed to this court.    The material contention of plaintiff in error is that the court erred in overruling his motion to quash the order of replevin; the motion being based upon the ground that the replevin bond was defective, and that the affidavit in replevin was fatally defective in that it had not been signed by the plaintiff until after the motion to quash the order of replevin had been filed.    It is agreed in the record that the affidavit was not signed by the party making it, until after the motion to quash was filed.    It does not appear in the record whether or not the bond in repelvin was ever amended.    But it appears that the affidavit was signed, and that the court overruled the motion to quash the order.    It is not necessary in deciding this case to decide whether the defect in the affidavit was such a defect as could be remedied by amendment, as that question was not raised in the proceedings below, nor is it presented here.

The decisive question here involved is whether the judgment should be reversed because the court overruled the motion to quash the order of replevin.    It is true that article 9, c. 87, Comp. Laws 1909, provides that an order of replevin shall not issue until the prescribed affidavit has been made, and the prescribed undertaking has been executed, and further provides in section 5700 of said article as follows:

"Any order for the delivery of property issued under this article, without the affidavit and undertaking required, shall be set aside at the cost of the clerk issuing the same, and such clerk as well as the plaintiff, shall also be liable in damages to the party injured."

Now admitting for the purposes of this case that the court erred in overruling the motion to quash the order of replevin, admitting that the order was wrongfully issued, then, in the absence of any showing that defendant was damaged by reason of the unlawful issuance of the order, the question is whether a judgment, founded upon the merits of the case, upon the facts, as to whether plaintiff was entitled to possession of the property, should be reversed. The record discloses that after the court overruled the motion to quash the order of replevin, and after the time had expired for filing an answer to plaintiff's petition, the defendant obtained leave of court to file an answer out of it, and upon leave of court filed such answer. The issue as to whether plaintiff was entitled to possession of the property was thus joined, which issue was submitted to the jury, by the court, and upon the facts in the case the jury returned a verdict in favor of plaintiff. The verdict we must say is fairly supported by the evidence, and, under the settled rule of this court, a verdict reasonably supported by evidence will not be disturbed. It follows therefore that the verdict in favor of plaintiff decides in the negative the question as to whether defendant was damaged by reason of the order of replevin. This perhaps might not be true if plaintiff had no right under the statutes to maintain an action for possession of his property, independent of any proceedings in replevin. But section 5687, Comp. Laws 1909, provides:

"The plaintiff in an action to recover the possession of specific personal property, may at the commencement of the suit, or at any time before answering, claim the immediate delivery of such property as provided in this chapter."

Now in an action under this statute, if plaintiff seeks immediate possession, he must, of course, resort to replevin proceedings, make the statutory affidavit and bond, and procure an order of delivery; but the section clearly implies the right to maintain an action for possession of specific personal property, inde-

pendent of replevin proceedings. This right is upheld in *Ward v. Masterson,* 10 Kan. 77, and in *Batchelor v. Walburn,* 23 Kan. 733, both opinions by Justice Brewer, of the Supreme Court of that state. In each case it was held that an action may be maintained under our Code without a seizure of the property, at some time before final determination of the suit, and therefore without an affidavit and bond.

In *Batchelor v. Walburn, supra,* Justice Brewer, in discussing the proposition, after quoting the section of Kansas statutes identical with ours, says:

"The action exists, or may exist, before the order. The section recognizes the action before, and says certain things may be done in it. It nowhere provides that a failure to take the order abates the action, or that defendant may prevent a recovery by showing that plaintiff has not availed himself of all the privileges which the statute has given. The order for the delivery is ancillary. It is like an order of injunction, which may be the final judgment or a provisional remedy. Code, sec. 237. In replevin, the judgment may be for the possession, or the value thereof in case a delivery cannot be had. Code, sec. 185. And delivery may be enforced after judgment, by attachment, as for contempt. Code, sec. 188. It would be a strange omission if such action could not be maintained—in many cases a gross denial of justice. Immediate delivery can be secured only by giving bond. This is sometimes impossible, especially where the plaintiff is poor or a stranger. In such a case, to turn him over to a mere action for the value would often give no relief. The defendant might be execution proof. The property might have great personal value; it might be a family relic, something which the plaintiff would under no circumstances part with. And yet, because he is unable to give bond, he must, according to defendant's theory, sell it at its market value. In 1 Wait, Pr. 711, the author says: 'The Code, however, leaves it optional with the plaintiff to proceed to recover the possession of the property, under the provisions of section 206 of the Code (section 206 of the New York Code corresponds with section 176 of our Code), before judgment in the action, or to seek the specific recovery of the property after judgment. It is not necessary that the plaintiff, in an action to recover the possession of personal property under the Code, should claim the delivery of the property before judgment and furnish security to the defendant, as was indispensable in the old action of replevin. Although he may not resort, in the action, to

the provisional remedy of claim and delivery, he may still have judgment and execution for the restitution of the property, with damages for its detention if he succeeds in establishing his right to recover.' *Vogel v. Badcock,* 1 Abb. Prac. [N. Y.] 176; *Corbin v. Milton,* 27 How. Prac. [N. Y.] 76."

In *Varner v. Bowling,* 54 Kan. 380, 38 Pac. 481, it was held:

"The right to maintain an action of replevin does not depend upon the taking out of an order of delivery at or after the commencement of the action. It is an ancillary order to be had at the option of the plaintiff upon the making of an affidavit, and the giving of a statutory undertaking; but, whether obtained or not, the plaintiff is still entitled to a trial of the main issue."

In the above case the bond or undertaking was insufficient, and defendant moved that additional security be required, which motion was sustained by the court; and plaintiff, being unable to give additional security demanded a trial of the main issue. This was refused by the court and the action dismissed. It was held that the denial of a trial and the dismissal of the action was error, following the rule in *Ward v. Masterson,* and *Batchelor v. Walburn, supra.* Thus it is seen that this had become the established rule in Kansas, at the time of the adoption of our Code of Procedure from that state, and is clearly in harmony with reason, and with the provisions of the Code. Therefore, as plaintiff had the right to maintain his action for possession of the property, independent of replevin proceedings, and as he was awarded possession of same, upon the facts bearing upon the issues formed by the petition and answer, we cannot see wherein the substantial rights of defendant, aside from the costs in the replevin proceedings, were affected, by reason of the replevin proceedings, be they ever so defective. Suppose, for illustration, defendant's motion to quash had been sustained, the order of replevin set aside, and the property returned to defendant. Then, upon a trial of the main issue, the right to possession of the property, under the evidence, would have been determined in favor of plaintiff, and the property turned back to him, thereby showing that plaintiff was entitled to possession from the beginning, and that defendant, being wrongfully in possession at the beginning, had lost no legal rights by reason of the replevin pro-

ceedings. Hence inasmuch as the record before us shows that the same results would have been reached, whether the motion to quash had been sustained or not, or whether the issue had been tried under proper replevin proceedings, or tried under the petition and answer, not saying what the judgment of this court might have been on the defective affidavit, under different circumstances, nor passing upon the liability of the officer for issuing the order upon the affidavit and bond in question, we cannot feel that the ultimate ends of justice would be reached by a reversal of this judgment, and by sending it back to be retried with the same results.

Upon the whole record we think the costs incurred in procuring the order of replevin—that is, the costs of the replevin proceedings up to the time the motion to quash the order was filed—should be paid by the plaintiff below. With this exception the judgment should be affirmed.

By the Court: It is so ordered.