## SCHAFFER v. TROUTWEIN.

No. 2481.    Opinion Filed January 7, 1913.

(129 Pac. 696.)

1.  **APPEAL AND ERROR—Bond—Validity.** An appeal bond, signed by a licensed attorney who was employed in the trial of the case, by virtue of section 273, Comp. Laws 1909, is absolutely void.

2.  **SAME—Amendment.** Such bond, being void, cannot be amended after the time for taking the appeal has expired.

(Syllabus by Robertson, C.)

*Error from Sequoyah County Court;*
*W. N. Littlejohn, Judge.*

Action by George Schaffer against E. W. Troutwein. From an order of the county court dismissing an appeal from a justice of the peace, Schaffer brings error. Affirmed.

*Watts & Breedlove,* for plaintiff in error.

Opinion by ROBERTSON, C. This action was originally begun in the justice of the peace court of Sequoyah county by E. W. Troutwein, defendant in error, against George Schaffer, plaintiff in error. Judgment was rendered in the justice court against Schaffer, who sought an appeal to the county court, and gave an appeal bond signed by Jess W. Watts, one of his attorneys in the trial of the cause before the justice of the peace. This appeal bond was approved by the justice of the peace, and, together with a transcript, was sent to the county court, where, on motion of appellee, the appeal was dismissed for the reason "that the appeal bond herein is absolutely void, because Jess W. Watts, a licensed attorney of this state, who has been employed as counselor of appellant, and a partner of the firm of Watts & Breedlove, the attorneys for said appellant, signed said instrument as surety on the purported bond, in violation of law found in section 241 of the Revised and Annotated Statutes of 1903," etc.

It is admitted by counsel for plaintiff in error that the grounds laid in the motion to dismiss the appeal are true, and therefore the only question presented by the record is the correctness of the action of the lower court in holding the appeal bond void.

The lower court held the bond void under and by virtue of the section of the statute referred to in the motion, which statute was brought over from the territory of Oklahoma by the Schedule to the Constitution, the same being section 241, 1 Wilson's Rev. & Ann. St. 1903 (section 273, Comp. Laws 1909), and which reads as follows:

"Licensed attorneys of this state are prohibited from signing any bonds as surety in any civil or criminal action, in which

they may be employed as counselors, pending or about to be commenced in any of the courts of this state, or before any justice of the peace. All such bonds shall be absolutely void, and no penalty can be recovered of the attorney signing the same."

Counsel for plaintiff in error contend that the name of the attorney on the bond is merely surplusage, and that we must look to the intention of the Legislature in order to determine the purpose for which this act was passed, and that the only construction that can be placed on the statute in question is that it was intended, not to disqualify an attorney from becoming surety on a bond, but to prevent him from being annoyed by clients in the matter of signing bonds for them; in other words, it is a privilege, which the attorney may waive. As we view the matter, we need not concern ourselves with that question at this time, for we are permitted to look to the intent of the Legislature in the enactment of statutes only when the meaning of the act complained of is vague and obscure. The statute in this case needs no such aid, for its meaning and purpose is obvious from a casual reading. Thus it provides that "licensed attorneys are prohibited from signing any bonds in any action in which they are employed as counselors, * * *" and that "all such bonds shall be absolutely void," etc. To our minds language could not convey more clearly the intention of the Legislature. The bond, if signed by such an attorney, is absolutely void.

In the case of *Sherman v. State*, 4 Kan. 570, relied upon by counsel for plaintiff in error, as sustaining the theory that the act only gives to attorneys a personal privilege, which may be waived, if they so choose, does not apply to the statute under consideration. The Kansas Statute (Laws 1867, sec. 1, p. 46) is not nearly so comprehensive as ours. It reads as follows:

"That no state or county officers, or their deputies, shall be taken as surety on the bond of any administrator, executor, or other officer, from whom, by law, bond is or may be required, and no practicing attorney shall be taken on any official bond, or bond in any legal proceeding as aforesaid, in the district in which he may reside; and if any such officer or deputy is surety in any such bond filed in any office, provided by law for the deposit thereof, such officer with whom such bond is filed, shall, within

thirty days from and after the taking effect of this act, notify the principal on such bond to give additional security, which shall be approved as the law requires."

Thus it is seen that the Kansas statute only prohibits an attorney from being taken on such a bond; while ours not only prohibits the attorney from signing, but in express and emphatic language follows such prohibition by the declaration that "such bonds shall be absolutely void," etc. · The Ohio, Illinois, and Missouri authorities cited in the Sherman case, *supra*, are based on statutes similar to the Kansas statute, none of them containing the declaration that such bonds shall be void, and therefore do not apply to the question herein. In *Towle v. Bradley*, 2 S. D. 472, 50 N. W. 1057, it is held that a statute prohibiting an attorney from signing a bond as surety, does not confer a personal privilege which can be waived, but "on the grounds of public policy, the statute intends to and does, disqualify him absolutely from entering into any such contract." The South Dakota statute, however, contains no provision that "such bonds shall be absolutely void."

The principle involved in the provisions of this statute was first recognized and enforced as a rule of court in England in 1654 (1 Tidd. pr. 246), and has been quite generally adopted in this country by rule of court or by statute (4 Cyc. 919). Compared with the statutes on this subject in force in other states, it is found that none are as comprehensive or far-reaching in their effect as the one under consideration. So far as we have been able to determine, none provide that "such bonds shall be absolutely void," etc. In nearly all the states, under statutes of more narrow import and meaning, the courts hold that the bond signed by an attorney are, at most, only defective, and may be amended. Some hold that the attorney, after signing is estopped from denying liability; others hold that the signing being a violation of a rule of court, subjects the attorney to the disciplinary powers of the court as for contempt; none, so far as we have observed, hold the bond void on account of an attorney signing as surety. The subject, however, being one clearly within the powers of the Legislature, and the law being one demanded on account of

public policy, and the Legislature having spoken in such positive language, leaves the courts but little to say on the question. There is no room for construction, or judicial legislation, and whether or not the provision complained of is a wise exercise of legislative discretion is a matter that does not concern the courts. We must hold that the bond in question, by reason of this statute, is absolutely void.

There is no merit in the further contention that the court erred in refusing to permit plaintiff in error to amend the bond in the county court. If the bond was void, which it was, then there was nothing to amend. *Washburn v. Delaney,* 30 Okla. 789, 120 Pac. 620.

No error appearing in the record, the judgment of the county court of Sequoyah county should be affirmed.

By the Court:  It is so ordered.