No. 24,271.

JOSEPH SAFAR, *Appellant,* v. WESLEY B. KASHA, *Appellee.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Lease—Crop Rent—Conversion by Tenant of Landlord's Share of Crop.* Under a lease the landlord was to furnish the seed, pay one-half of the expense of threshing the crop of wheat and receive as rental one-half of the grain, threshed which the tenant was to deliver to him in his bins on the farm or at a designated elevator in the vicinity of the farm. While the threshing was in progress, the landlord demanded one-half of the grain threshed offering to haul it to his home, but did not tender payment of one-half of the expense of threshing. The demand was refused and the defendant took possession of all of the grain and put the same in his own bins, placing his refusal on the ground that the landlord owed him on certain claims not connected with the lease of the farm, and that he was going to hold it all until the landlord made a settlement of these claims. *Held* under the circumstances of the case that the action of the tenant amounted to a conversion of the landlord's share of the crop.

2. SAME—*Tenant had no Lien on Landlord's Share of the Crop.* Under the evidence the tenant had no lien on the share of the wheat owned by the landlord, and the fact that the landlord did not pay or tender payment of one-half of the threshing expense, did not operate to defeat the action for conversion.

3. SAME—*Unavailing Tender Unnecessary.* Even if such tender had been essential to a delivery the refusal was placed on other grounds and it appears that it would have been unavailing if made.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed June 9, 1923. Reversed.

*A. J. Freeborn,* and *F. C. Baldwin,* both of Washington, for the appellant.
*Edgar Bennett,* of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action for the conversion of a certain share of a crop of wheat. The defendant prevailed and plaintiff appeals.

In the fall of 1918, Joseph Safar, the owner of a tract of land, leased it to Wesley B. Kasha upon which wheat was to be grown, the terms of the lease being that Safar, the landlord, was to furnish the seed, pay one-half of the cost of threshing the crop, and receive as a rental one-half of the wheat which defendant was to deliver to

him in an elevator at Mahaska, or in Safar's granary on the farm. The crop matured in the summer of 1919, and part of it had been harvested and threshed and delivery made to Safar in accordance with the contract. A part of the crop was not threshed until May, 1920, and while the threshing was in progress Safar came and demanded his share offering to haul it away, but Kasha refused the demand and put all of the wheat in his own bins. He stated that he would keep it until Safar came and settled with him, claiming that Safar was owing him in other transactions, and had taken two loads of the loose wheat which had been left lying upon the ground through the rains and snows of the winter. Safar claimed that it had sprouted, was partly rotted and valueless and he had used it for chicken feed and for bedding. When the demand was made for the wheat, an angry controversy arose about the delivery, and at the suggestion of neighbors it was submitted to arbitrators and decided, but Kasha refused to be bound by the decision. In explanation of his refusal to give Safar his share of the wheat, defendant claimed that Safar owed him for work done and $25 for helping to move Safar from some point in Nebraska to Kansas. Safar did not tender payment of his share of the expense of threshing, but there is no evidence that Kasha made that a ground of his refusal, but put it upon the ground that Safar must settle the claims he held against him before he would yield possession of any of the wheat.

A demurrer to plaintiff's evidence was sustained by the court, and it is said that the decision was placed on the ground that plaintiff had not paid nor offered to pay the threshing bill when the demand for the wheat was made. It is also said in behalf of the defendant that he was not required to make a division of the wheat until the threshing was completed and the amount of the expense was known and that plainntiff was therefore not in a position to maintain an action for conversion.

On behalf of the defendant it is contended that the action of conversion does not lie unless there is a tortious detention of the property from the owner or the withholding of it under a claim of title inconsistent with that of the owner, and that therefore the refusal to deliver to plaintiff his share could not be regarded as wrongful until the crop was completely threshed, and plaintiff had paid or tendered payment of his share of the threshing expense.

There is little, if any, dispute as to what the law regards as a

conversion of property. Under the leasing contract, by which the rent was payable in a share of the crop, the landlord is deemed to be the owner of such share, and if the tenant refuses to deliver it he may enter upon the land and take possession of it or obtain possession in a judicial proceeding. (Gen. Stat. 1915, § 5980.) The plaintiff, being the owner of one-half of the crop when threshed, was entitled to the possession of that share. When it was threshed it was the duty of the defendant to deliver it in accordance with the contract. The contract provided that he should haul it to an elevator or deliver it to plaintiff in his bin on the farm. Instead of delivering it to him, in either elevator or on the farm when demanded, the defendant took plaintiff's share away from the farm and placed it in his own bins refusing to deliver it to plaintiff who offered to take possession of it on his farm at the threshing machine. He was entitled to have it divided at the machine as is ordinarily done under such a lease, and when possession was refused the plaintiff was warranted in treating the refusal as a conversion and bringing an action to recover its value. (*Tarpy v. Persing*, 27 Kan. 745.) The fact that plaintiff did not tender payment of one-half of the expense of threshing the wheat did not operate to defeat the action brought. There was no lien upon the plaintiff's share for the cost of the threshing. Moreover, the refusal of the demand of plaintiff for his wheat was not placed on the failure to pay or tender payment of the threshing bill, and from defendant's statements and action it is evident that a tender, if made, would have been unavailing. However, each party was liable for one-half of the expense of the threshing. It was an individual liability which the one who did the threshing could have enforced against each party. It appears that defendant owned the machine with which the threshing was done, and under the law he might have taken steps to obtain a lien on plaintiff's share of the claim, (Laws 1917, ch. 231) but it does not appear that defendant took the essential steps to assert a lien and it is not even claimed that he had done so. But if a tender of the expense of threshing had been necessary, the defendant placed his refusal to deliver possession of the wheat to plaintiff upon a distinctly different ground, that plaintiff should pay certain claims not connected with the rental of the land, claims which are manifestly untenable as grounds for withholding the possession of plaintiff's wheat.

We think the evidence introduced tended to show a wrongful conversion of plaintiff's share of the wheat and that the value of the wheat converted was at least sufficient to resist a demurrer to plaintiff's evidence. The judgment is therefore reversed and the cause remanded for a new trial.