## THOMAS v. LANG.

No. 26144. Feb. 2, 1937.

. J. Bernard Smith, for plaintiff in error.

Oscar W. Hudgins, for defendant in error.

PER CURIAM. This action was commenced in the justice of peace court of Muskogee county. It was appealed to the district court of Muskogee county and tried de novo, whereupon judgment was rendered for the plaintiff for the possession of certain personal property, to wit, four hogs.

At the commencement of the action affidavit of replevin was filed and replevin summons issued, in which the directions to the constable to immediately deliver the personal property to the plaintiff were stricken out, and the plaintiff proceeded in the justice court and the district court on the theory that he had a right to maintain the action without the giving of the bond as required. by section 934, O. S. 1931.

An appeal is brought from the judgment rendered for the possession of the property or the value thereof in favor of the plaintiff.

It will be necessary only to discuss the first proposition, which is that the court committed reversible error in rendering judgment for the plaintiff over the objection of the defendant, for the reason that no bond had been given as provided in section 934, O. S. 1931.

We are of the opinion that the contention of the defendant must be sustained and the judgment of the trial court reversed and remanded, with directions to dismiss for lack of jurisdiction.

We are familiar with the doctrine in the case of Hutchings v. Cobble, 30 Okla. 158, 120 P. 1013, in which this court approved the doctrine announced in Batchelor v. Walburn, 23 Kan. 734, that a party may maintain an action in replevin without making the affidavit and giving the statutory bond in the district court. We are of the opinion, however, that this doctrine does not app'y to the justice of peace court.

In the case of Batchelor v. Walburn, supra, after reviewing the opinions of its own court and citing with approval from the New York court, from which their Code was adopted, the Kansas court said:

"It may be that a different rule obtains before a justice of the peace; for there it is provided that the action shall not be brought until the affidavit is filed, and that no sum-mons·shall issue until bond is given. Compiled Laws 1879, page 712, sections 56, 57."

In Woodworth v. Maddox (Kan.) 223 P. 275, it is said:

"In a replevin action before a justice, of the peace, the affidavit required by statute must be filed to give the court jurisdiction of the subject matter."

In the case of Allen v. Frederick (Ind.) App.) 59 N. E. 330, that court had under consideration the identical question presented in this appeal, and after reviewing the authorities came to the conclusion that the furnishing of the affidavit and the bond was jurisdictional. In that case, as in this one, the affidavit had been made but no bond had been given. It is interesting to note that the contention by the defendant in error in that case was that their section 1433, Horner's Rev. Stat. 1897, giving a justice of the peace jurisdiction to try and determine suits founded on contract or tort where the debt or damage claimed, or the value of the property sought to be recovered, does not exceed $100, but the defendant may confess judgment for any sum not exceeding $300, and providing that no justice of the peace shall have jurisdiction in any action of slander or malicious prosecution or breach of marriage contract, nor in any action wherein the title to lands shall come in question or the justice be related by blood or marriage to either party, indicated a strong legislative intent that suits of this nature were included for the reason that they were not expressly excluded. That court in a very able opinion pointed out that such was not the case, and held with its former opinion that the giving of both the affidavit and bond was jurisdictional, as had been formerly held in Deardorff v. Ulmer, 34 Ind. 353.

Section 932, O. S. 1931, provides as follows:

"Justice of the peace shall have jurisdiction of actions for the recovery of specific personal property not exceeding $200 in value, as herein provided."

Section 933, O. S. 1931, in part is as follows:

"An action for this purpose shall not be brought until there is filed in the office of the justice an affidavit of the plaintiff, his agent or attorney, showing:" (Then follow five necessary requirements of the affidavit.)

Section 934, O. S. 1931, is as follows:

"The justice shall not issue a summons as hereinafter provided, until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be ap-

136

proved by the justice, an undertaking in not less than double the value of the property, as stated in the affidavit, to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him that he will return the same to the defendant, if a return thereof be adjudged."

Section 935, O. S. 1931, provides as follows:

"Upon such affidavit and undertaking being executed and filed with the justice, he shall issue a summons as in other cases, but in addition commanding the constable immediately to seize and take into his custody wherever they may be found in the county, the goods and chattels mentioned in the affidavit, and deliver the same to the plaintiff."

It will be seen therefore that the justice shall not issue a summons "as hereinafter provided" until the bond provided by section 934, supra, is given. The question arises, Can the justice of the peace issue any summons? We think not. Section 870, O. S. 1931, provides that actions before justices of the peace are commenced by summons, or by appearance or agreement of the parties without summons, while an action in the district court is commenced by the filing of the petition. It is true that jurisdiction in the district court is never obtained of the defendants unless summons is served within 60 days or the first publication of service made within the required time. Had the Legislature intended to give the power to the justice of the peace court to issue a summons other than "as hereinafter provided," it could easily have so provided. We hold that the justice of the peace court is strictly limited to the jurisdiction conferred by the Legislature, and in the absence of an express provision permitting the justice to issue a summons without the filing of the affidavit and bond, we are forced to the conclusion that no action in replevin can be maintained under the provisions of those sections until such proceeding has been fully complied with.

The judgment of the trial court is, therefore, reversed and remanded, with directions to vacate the order and judgment for the plaintiff and to dismiss the appeal.

BAYLESS, V. C. J., and WELCH, CORN, PHELPS, and HURST, JJ., concur. OSBORN, C. J., dissents. RILEY, BUSBY, GIBSON, JJ., absent.