No. 33,494

E. J. JOHNSON, *Appellee,* v. DELLA E. BEACH and A. A. BEACH, *Appellants.*

(73 P. 2d 1040)

Opinion filed December 11, 1937.

*M. A. Bender,* of Holton, for the appellants.

*H. J. Adams* and *Floyd W. Hobbs,* both of Holton, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This appeal involves two cases—a replevin action and an attachment proceeding, which were consolidated by the district court. The plaintiff received judgment in both actions, and defendants appeal.

We shall first consider the replevin case.

The plaintiff Johnson is the owner of a farm containing 119 acres. By a written lease Johnson leased this land to the defendants for the year 1936. The rent specified was $150 cash, $150 on June 1, 1936, evidenced by a note, and two thirds of the wheat at the threshing time. At the threshing time the tenants delivered to the plaintiff his share of the wheat. Johnson then demanded payment of the $150 due on June 1, 1936, or that the defendants deliver to him

their share of the wheat. The tenants refused and failed to pay the rent note due June 1, and placed their share of the wheat, amounting to 132 bushels, in bins on the leased premises. The plaintiff thereupon brought an action in replevin for the 132 bushels of wheat before a justice of the peace. The affidavit in replevin stated that the plaintiff "claims a special lien and ownership" in the wheat. On appeal to the district court, judgment was given for the plaintiff.

At common law (54 C. J. 418) and under our statutes, G. S. 1935, 60-1002 and 61-502, replevin is a possessory action. To maintain replevin under our statutes the plaintiff must show (a) that he owns the property, or that he has a special ownership or interest therein; (b) that he is entitled to the immediate possession of the property, and (c) that the property is wrongfully detained by the defendant. (*Batchelor v. Walburn*, 23 Kan. 733.)

Under G. S. 1935, 67-525, when rent is payable in a share or certain proportion of the crop, the lessor is declared to be *"the owner of such share or proportion"* and may, if the tenant refuse to deliver him such share or proportion, enter upon the land and take possession of the same, or obtain possession by an action of replevin. Obviously, after the share of the lessor has been delivered, the tenant is the owner of the balance, subject only to the lien provided for in G. S. 1935, 67-524. That section provides that: "Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided." Our statute, G. S. 1935, 67-528, provides the method of enforcing the lien against the tenant, where he fails to pay the rent. This remedy is by attachment. In case the tenant removes or is about to remove the crop from the premises, the lessor is given an additional remedy by attachment by G. S. 1935, 67-527.

Thus, under the statutory scheme, the lessor is given a remedy by replevin only in case the rent is payable in a share of the crop. As he is the owner of his share in such case he may maintain replevin, and as owner he is under no duty to account to anyone. But where the rent is not payable in a share of the crop, then he does not have ownership but a lien, and he must foreclose his lien by attachment as directed by the statute. When the attached property is sold and the rent and costs are paid, the surplus is paid over to the tenant.

In the case at bar the defendants held the land under a written

lease. They had an estate in the land. This gave them the right of possession, except that under G. S. 1935, 67-525, the lessor could enter and take possession of his share when the rent was payable in a share of the crop. It is agreed the lessor's share had been delivered. The balance of the wheat, amounting to 132 bushels, was the property of the defendants subject only to the lien for the balance of the rent. It was placed in a bin on the premises and was in the possession of the defendants. There was therefore no wrongful detention, as it was in the rightful possession of the tenant. Until the lessor exercised his right to foreclose his lien by attachment the tenant was entitled to keep his share of the wheat. A lien is not ownership, general or special. It is a claim or charge for the payment of an obligation, and the statute provides the method of enforcement. Under attachment the property may be sold, and the rights of both parties are protected. But in replevin, if plaintiff is the absolute owner, he keeps the property and is not required to account to anyone. If he has a special property in the chattels, as a bailee or pledgee, he owes a duty to account to the general owner, but he owes no duty to account to the defendant from whom the property is taken under the writ. In short, an owner may maintain replevin for his own property, but it is a very different thing to assert he can take the property of another.

Under our statute, G. S. 1935, 67-526, the lessor may recover from the purchaser of the crop with notice of the lien the value of the crop purchased to the extent of the lien. In *Neifert v. Ames,* 26 Kan. 515, relied on by plaintiff, attachment against a purchaser was sustained. That action was authorized by the statute. The next case cited is *Tarpy v. Persing,* 27 Kan. 745. In that case the rent was payable in a share of the crop. Before the rent was paid the crop was removed from the premises. The court held lessor's remedy by replevin was not exclusive. Until the rent was paid he had a lien and could maintain attachment. The action was clearly authorized by the statute—it is not in point here. Our attention is directed to *Nessley v. Taylor,* 63 Kan. 674, 66 Pac. 993. In that case wheat and corn were grown on shares. A creditor of the tenant had levied on the crop before the rent had been paid. The court held the lessor could maintain replevin against the creditor. Before the rent was paid he had ownership in his share, and a lien on the entire crop. In the case at bar the crop rent has been paid. The landlord does not have either a general or special ownership

in the share of the tenant, but a lien, and that statute provides this lien may be enforced by attachment. We do not say this remedy is exclusive—merely that the lien cannot be foreclosed by replevin.

The attachment suit between the same parties was tried on the following agreed statement of facts:

"Defendants are now and have been since February 28, 1936, tenants of plaintiff, under a written lease, a copy of which is attached to plaintiff's bill of particulars. As rental for the land described in said lease defendants promised to pay plaintiff three hundred dollars cash rent, $150 payable March 1, 1936, and $150 payable June 1, 1936. The $150 cash rent due plaintiff from defendants June 1, 1936, has not been paid and is now owing to the plaintiff. During the crop season of 1936 the defendants raised upon the lands described in the above lease, certain crops consisting of fodder, kafir corn, hygeria, straw and other farm products, one half of which belonged to plaintiff and the other half to the defendants. When this action was commenced these farm products had not been divided, and at the time the action was commenced the defendants were, and had been, continuously for more than thirty days feeding an appreciable amount of the above-described products belonging to plaintiff and defendants, to defendant's livestock, consisting of twelve or fourteen head of cattle and six head of horses, all of which farm products were fed to defendants' livestock upon the above-mentioned lands. At the time the action was commenced the defendants had not hauled or taken any of the above-mentioned farm products off of the above-mentioned lands.

"At the time of the commencement of this action plaintiff caused an order of attachment to issue under the landlord and tenant act, stating as grounds therefor the facts above stated.

"The plaintiff contends that the feeding of the farm products above mentioned, by the defendants as above set forth, constituted a removal of such farm products from the leased premises, and the defendants contend that such feeding of such farm products did not constitute a removal thereof from said premises."

Under the facts stated, we think the attachment should be sustained.

It is ordered that the judgment of the trial court in the attachment proceedings be affirmed. In the replevin suit the judgment is reversed and the cause remanded with directions to enter judgment for the defendants.