### RALLS v. McMILLAN.

No. 28042.   March 19, 1940.

Rehearing Denied April 9, 1940.

*100 P. 2d 1004.*

Paul W. Updergraff, of Norman, for plaintiff in error.

Smith & Buckles, of Oklahoma City, for defendant in error.

DAVISON, J.  This action in replevin originated in a justice of the peace court of Cleveland county. It was instituted on Frebruary 13, 1936, by M. B. McMillan, as plaintiff, who sought to recover from Rawleigh Ralls lightweight linotype magazine and other printing equipment, or in lieu thereof the value in the sum of $87. The plaintiff prevailed in the justice court and was again successful when the cause was tried de novo in the county court of Cleveland county on the 23rd day of March, 1937.

The defendant, appearing herein as plaintiff in error, presents his argument on appeal under the single proposition that:

"The court had no jurisdiction because the plaintiff did not file a replevin bond in compliance with law at the beginning of the said replevin action."

In presenting his argument the defendant relied upon Thomas v. Lang, 179 Okla. 134, 64 P. 2d 874, wherein we held that by virtue of section 934, O. S. 1931 (39 O. S. A. 423) an action in replevin cannot be maintained in the justice court until a replevin bond is filed.

The record discloses that an instrument purporting to be a replevin bond and in proper form was filed with and approved by the justice of the peace. The bond was signed by W. L. Overholser, Jr.

By virtue of section 4209, O. S. 1931 (5 O. S. A. 11), forbidding licensed attorneys of this state from signing bonds in civil or criminal actions *in which they may be employed* as counselors, and upon authority of Schaffer v. Troutwein, 36 Okla. 653, 129 P. 696, holding a bond signed by such an attorney void, the defendant takes the position that the replevin bond herein filed was a nullity.

He asserts that W. L. Overholser, Jr., is an attorney and was employed as counselor in connection with this case. He does not, however, call our attention to any portion of the record which supports this assertion and our own search fails to reveal any allusion to the employment of Overholser by either of the parties or his appearance in the case as counsel.

In this as in other cases we must necessarily decide the issue upon consideration of the record before us. "The law must and does assume a standard of right conduct." State ex rel. Baldwin v. Ingram et al., 164 Okla. 179, 23 P. 2d 161. We cannot assume, in the absence of a record so indicating, that Mr. Overholser, who signed the bond, was employed as counsel in the case.

The decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and OSBORN, JJ., concur.