## WALL v. ROUSE.

No. 5966.    Opinion Filed December 14, 1915.

(153 Pac. 1112.)

REPLEVIN—Demand—Costs. Want of prior demand will not defeat a right to immediate possession of personal property in an action in replevin therefor, and only affects the question of costs where the defendant's original taking was not wrongful, and he does not resist said right.

·(Syllabus by the Court.)

*Error from County Court, Pontotoc County;*
*I. M. King, Judge.*

Action by T. P. Wall against D. M. Rouse. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Williams & Dean* and *Ira M. Roberts,* for plaintiff in error.

*B. C. King* and *Crawford & Bolen,* for defendant in error.

THACKER, J.   This was an action in replevin appealed from a justice's court to the county court and thence for review to this court.   The plaintiff and defendant each claimed ownership and right of immediate possession to the property involved (two cows and their calves) ; and upon a trial of this issue to a jury in the county court a verdict and judgment for the defendant resulted.   The trial court erroneously instructed the jury to the effect that their verdict should be for the defendant unless they should find from a preponderance of the evidence that plaintiff, before commencing his action, had demanded of defendant the possession of the property; the defendant having testified without apparent contradiction that there had been no such demand.

A prior demand is not a condition precedent to a plaintiff's right of recovery in an action in replevin, although its absence may entitle a defendant to costs where his original taking was not wrongful and he does not resist the action except as to costs.   *Hutchings v. Cobble,* 30 Okla. 158, 120 Pac. 1013; *Maddox v. Dowdy,* 31 Okla. 169, 120 Pac. 651.

For the reasons stated, the judgment of the trial court should be reversed, and the case remanded, with instructions to grant the plaintiff another trial.

All the Justices concur.