**Bonnie HENDERSON, Plaintiff in Error,**

v.

**Sally LACY, Defendant in Error.**

No. 38493.

Supreme Court of Oklahoma.

Dec. 15, 1959.

Hunt & Lock, by Riley Q. Hunt, Jay, for plaintiff in error.

Dennis E. Beauchamp, Jay, for defendant in error.

PER CURIAM.

This action in replevin was instituted by Bonnie Henderson, as plaintiff, against Sally Lacy, as defendant, for possession of a cow and a heifer and a bull calf of which plaintiff claimed to be the owner and alleged to be wrongfully detained by defendant. The defendant answered by general denial. At the conclusion of the plaintiff's evidence the court sustained the demurrer of the defendant to the evidence of the plaintiff and rendered judgment for the defendant. Plaintiff has appealed from the action of the lower court.

One of the grounds on which the lower court sustained the demurrer was that the plaintiff had failed to prove a demand upon the defendant for possession of the animals prior to filing the replevin action. This court has held that a prior demand is not a condition precedent to a plaintiff's right of recovery in an action in replevin, although its absence may entitle a defendant to costs where his original taking was not wrongful and he does not resist the action except as to costs. Wall v. Rouse, 49 Okl. 544, 153 P. 1112. Failure on the part of plaintiff to prove prior demand for possession was not grounds for sustaining the demurrer and the lower court erred in so holding.

The other ground upon which the lower court sustained the demurrer was that the evidence of the plaintiff was insufficient to sustain the replevin action. In Commercial Credit Co. v. Harjo, 178 Okl. 397, 63 P.2d 686, we held that in a replevin action the burden is upon the plaintiff to prove that he is the owner of the property in question or has a special interest therein; that he is entitled to the immediate possession of the same; that the property is in the possession or under the control of the defendant; and that the defendant has wrongfully detained the same from the plaintiff.

The record reflects that the plaintiff has sustained the burden imposed upon him by the above statement of law. The evidence of the plaintiff was that he was the owner of the mother of the cow described in the replevin action; that he branded the cow when she was a calf and turned her out with his other cattle on the open range; that the heifer and bull calf were the offspring of the cow; and that he placed his brand upon the heifer. Plaintiff's evidence also reflected that he claimed ownership and had not relinquished his ownership and that the cow, heifer and bull calf were last seen and observed within the pasture of the defendant or about the premises of the defendant. Examination of the entire record reflects other facts and circumstances tending to estabish ownership of the animals and right to possession in plaintiff. The lower court erred in sustaining the demurrer to this evidence. Plaintiff's evidence was sufficient to create a question of fact and should have been submitted to the jury for determination.

Judgment reversed and cause remanded with instructions to grant plaintiff a new trial.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.