Frank BELLOWS, Uncle and next friend of Rocky Bellows, a minor, Appellant,

v.

Hugh COMPTON, Sheriff, Appellee.

Frank BELLOWS, Appellant,

v.

Hugh COMPTON, Sheriff, Appellee.

Nos. 50375, 50376.

Court of Appeals of Oklahoma, Division 2.

Oct. 11, 1977.

Released for Publication by Order of Court of Appeals Nov. 3, 1977.

F. Douglas Shirley, Shirley, Stephenson & Shirley, Watonga, for appellant.

Earl E. Goerke, Dist. Atty., Larry D. Smith, Asst. Dist. Atty., Watonga, for appellee.

BRIGHTMIRE, Presiding Judge.

These companion replevin actions present a common dispositive legal issue and are therefore consolidated for the purpose of review. The trial court dismissed them because he was of the opinion that the statute of limitations had run. We reverse.

## I

The relevant facts are these. When Charles Bellows was arrested in Blaine County, Oklahoma for commission of "certain crimes" the sheriff confiscated several guns he had in his possession. A month later, February 24, 1974, the accused pleaded guilty to the charges filed against him thereby eliminating the state's further need for the guns.

On November 22, 1974, Charles' brother, Frank Bellows, informed the sheriff, defendant Hugh Compton, that some of the guns belonged to him and to Charles' minor son Rocky, and made a demand for their delivery. The sheriff rejected the demand and these two actions were filed June 9, 1976—one by Frank as next friend of minor Rocky, and the other by Frank in his individual capacity.

Both verified petitions alleged defendant had refused to relinquish possession of the guns to the rightful owners upon demand, and asked for immediate delivery of the property or its value. By amended petition filed June 24, 1976, plaintiffs detailed the facts of Charles' arrest, his guilty plea, and the date of plaintiffs' demand.

On July 9, 1976, without having answered,[1] defendant moved to dismiss plaintiffs' actions "with prejudice," based on an allegation that the causes were barred by a two-year statute of limitations prescribed in 12 O.S.1971 § 95.

The trial court sustained the motions and dismissed the actions with prejudice, provoking these appeals.

## II

The dispositive issue presented is whether the statute of limitations began to run on February 24, 1974, the day Charles Bellows pleaded guilty, as defendant contends, or on November 22, 1974, the day Frank Bellows made the demand, as plaintiffs contend? We hold it was the latter date.

1. Defendant did, however, file an "Objection to Issuance of Order of Delivery" on June 14, 1976, in response to plaintiffs' original petitions. The appellate record contains no resolution of that "objection."

Title 12 O.S.1971 § 95 requires that a replevin action be brought within two years "after the cause of action shall have accrued." Thus, the critical question is when did the cause accrue?

■ A cause of action accrues at the moment the party owning it has a legal right to sue. *Harmon v. Harmon,* Okl.App., 527 P.2d 610 (1974). Plaintiffs contend their claims did not ripen into a right to sue until they made demand for return of the guns. Defendant counterpoints that such demand was unnecessary and that plaintiffs' right to bring their actions arose as soon as Charles Bellows pleaded guilty, citing *Henderson v. Lacy,* Okl., 347 P.2d 1020 (1959).

■ The law discussed in *Henderson* is inapplicable to the factual and legal situation involved in this case. Here the sheriff's possession of property was lawful from the time it was seized. He had not only a duty but a right to keep the guns in his custody until they were no longer needed for prosecutorial purposes. Thereafter he had a duty to take custodial care of the property until claimed by its owner, or—if unclaimed for one year—until sold pursuant to the provisions of 22 O.S.1973 Supp. § 1325.

·■ So while the guilty plea of Charles Bellows on February 24, 1974 eliminated the need for keeping the guns for evidentiary purposes, it did not ipso facto transform the sheriff's custody into an unlawful or wrongful possession. His possession continued to be lawful at least until the owner demanded return of the guns. Under these circumstances plaintiffs' causes of action could not have accrued before the November 22, 1974 demands were made. And since these actions were brought within two years from that date they cannot be barred by the two-year limitations statute.

Dismissal of the two actions is vacated and the causes are remanded for further proceedings.

Reversed.

BACON and NEPTUNE, JJ., concur.